## THE CENTRAL RAILROAD *vs.* SENN.

[Blandford, J., being disqualified, Judge Brown, of the Blue Ridge Circuit, presided in his stead.]

1. In an action for damages brought by a passenger against a railroad company, for injuries which plaintiff sustained by the cars, on which she was a passenger, running off the track, which was alleged to have been caused by the carelessness and negligence of the company in the construction of its track and the running of its cars, the plaintiff being introduced as a witness in her own behalf, should not be allowed to state how much, in her opinion, was her loss by her inability to labor. The witness cannot give an opinion as to the amount of the damages, but must state facts, and let the jury say from the facts what is the amount of the damages.

2. Upon the trial of such a case, any witness may give an opinion as to what caused the train to run off the track, provided the witness states the reasons upon which the opinion is predicated. One who is an expert may give an opinion without stating his reasons.

3. It is a general rule that, wherever an expert can give an opinion without the reasons upon which it is based, any other witness, who knows facts upon which he can form an opinion, may state his opinion, by giving the facts upon which he bases it.

4. In an action against a railroad company for damages to the plaintiff, caused by the car, upon which she was a passenger, running off the track, and where damages are claimed, both for physical pain and suffering from wounds received by her, and also on account of loss of business and inability to labor, it is error for the court to charge the jury in the following language, without any qualification: "In some torts the entire injury is to the peace, happiness and feelings of the plaintiff. In such cases, no measure of damages can be prescribed, except the enlightened conscience of impartial jurors."

5. Where the entire charge is not sent up in the bill of exceptions or in the record, and the portion of the charge excepted to is error, without qualification, and when the judge who tried the case makes no statement in his certificate which shows that it was qualified by other parts of the charge, this court will presume that there was no quaification.

October 10, 1884. (Head-notes by the court.)

Railroads. Damages. Negligence. Evidence. Witness. Charge of Court. Before Judge WILLIS. Muscogee Superior Court. November Adjourned Term, 1883.

The Central Railroad *vs.* Senn.

To the report contained in the decision, it is only necessary to add, in connection with the second and third divisions thereo*f*, the following grounds of the motion for new trial:

(3.) Because the court permitted Domingoes, a witness for the plaintiff, in rebuttal, after stating that he was not an expert, and testifying that before the run-off there was a jerking, bounding sensation, so that one could hardly walk in the car, but that he did not go back and look at the track after the accident, and that there had been some conversation excited by the motion and jerking, and giving his reasons for the opinion, to testify that from what he saw and felt, his opinion was as follows: " I think, sir, on a curve, when the car is running, the centrifugal force of the flange of the wheel against the iron rail is increased by the increase of the speed. We were running very fast, and my opinion is that the pressure must have been very great in consequence. Our sensation was not a rolling, but was a bounding; it gave the opinion to me that we had not mounted the track, but that the track had spread and we were between; and my opinion is that the speed we were going at forced the track apart and caused the run-off."

(4.) Because the court refused to rule out this testimony, on motion made therefor, on the ground that " such opinion was founded upon an assumption of the condition of the track being defective,—whereas the said witness had, during said examination, testified that he did not know what the condition of the track was,—and upon a theory given by the witness when he had also testified that he did not scientifically understand, and because such opinion was not given on facts."

(5.) Because the court permitted Clement, a witness for the plaintiff, not an expert, after giving his reasons for his opinion, to testify that " the train was running a curve, and the outside rail gave way and threw the car from the track."—Objected to as being matter of opinion.

(6.) Because the court permitted Hatcher—a witness for

the plaintiff, in rebuttal, in answer to a question, to state to the jury what he found upon examination of the track after the cars had run off, and as to the condition of the track, and having given the facts, then to state his opinion as to what caused the cars to run off—to testify as follows : " My opinion of it is this, that from the compression of that end of the rail it raised that, and the wheel struck it, and this gave way, because I saw evidences of a mark there; and if the railroad were to bring in the old rail, it would show for itself,—the one towards Macon, right at the joint. though; but I will say that, for a short distance, I would. say probably the distance of a coach, it had the evidences of where it had run across the cross-ties; and my theory was that the wheel struck that and ran off—one of the front wheels—and threw the balance of the coach off before the balance of the wheels got to it, and my opinion of the cause of it is the broken bar. I don't know of any other reason."—Objected to as matter of opinion.

(7.) Because the court permitte 1 Rees, a witness for the plaintiff, in rebuttal, to testify as follows : " I did examine the track where the run-off occurred, and I was on the train at the time of the run-off, and my opinion is that. the car running so fast, and that fish-bar being broken at. that point, the track gave way and spread, and that caused this run-off."—Objected to as matter of opinion.

W. S. WALLACE ; PEABODY & BRANNON, for plaintiff in error.

WM. A. LITTLE ; W. T. GARY, for defendant.

BROWN, Judge.

This was an action brought in Muscogee superior court by Nancy E. Senn, against the Central Railroad and Banking Company, as lessees of the Southwestern Railroad, to recover damages sustained by the plaintiff by reason of the car, on which she was a passenger, being thrown from

the track.   It was alleged by the plaintiff that the injury was caused by the negligence and carelessness of the defendant in the construction of its track, and running of its cars at an unusual and dangerous speed..  She claimed that, by reason of wounds, bruises and other injuries which she received, that she suffered great physical pain ; that she paid out large sums of money for physicians' bills and other expenses ; that she was disfigured by a scar on her face.   She also claimed to have been damaged by the loss of business, and inability to labor and attend to business, and that her injuries are of a permanent nature.

On the trial of the case, the defendant admitted that the Central Railroad and Banking Company were lessees of the Southwestern Railroad, and were in possession and operating the same as common carriers for hire at the time the injuries were sustained.

The defendant denied that there was negligence or carelessness in the construction of the track or running of the cars, and insisted that the track was well constructed, and that they were running at a safe rate of speed at the time the accident occurred.

The jury found a verdict for the plaintiff for $10.000, and the defendant moved for a new trial on eleven different grounds, which motion the court below overruled, and refused a new trial, and that ruling is assigned as error, and the case brought by bill of exceptions to this court for review.

In the view we take of this case, it will not be necessary for us to notice specifically all the alleged grounds of error as set out in the motion for a new trial.   We will therefore content ourselves by referring to such of them as we think control the case made by the record.

1. The first and second grounds in the motion will be considered together.   The first ground is as follows : ، Because the plaintiff, being introduced as a witness in her own behalf, was asked by her counsel, in the direct examination, the following question, to-wit : (the witness having

first given the reasons upon which her opinion was based, as set forth in the brief of testimony): " What did you consider your business worth to you per year at the time you were injured ?"   To which question the defendant, by its counsel, objected, upon the grounds that this was not a proper rule to estimate the amount of damages sustained, and the court overruled the objection and allowed the witness to testify, and she did testify in answer thereto, " I made $1,500.00, after keeping up my expenses."

The second ground in the motion for a new trial is in the following words:  Because, whilst the plaintiff was a witness in her own behalf, she was asked by her counsel upon the direct examination (the witness having first stated the reasons upon which her opinion was based, as set forth in the brief of evidence): " How much, in your opinion, a year is your loss by your inability to labor?" And the defendant by its counsel objected thereto, upon the ground that the same was a mere guess and conclusion of the witness, and the court overruled the objection and allowed the witness to testify, and she did testify in answer thereto, " Well, I had $1,500.00 clear the year that I was hurt.  I have just kept even since.  I would say my loss is $1,500.00."

In cases of this character, the rule is well settled, both in our standard works on evidence and by adjudicated cases, that witnesses, whether parties to the case or not, cannot give their opinions as to the amount of damages the plaintiff has sustained.   They must state facts, and not mere opinions, and the jury must be left free to make up their own opinion of the damages from the facts testified to by the witnesses.   9 Meeson & Welsby, 710; 1 Sedgwick on Damages, 553; 47 Ga., 546; 18 Wisconsin, 74. The plaintiff may prove all the facts and circumstances which would shed light upon the question and enable the jury to arrive at the true amount of damages actually sustained.    In this case, she might show the character of her business, her ability to labor and attend to business at the

time of the injury, how she was injured, and what has been her ability to labor and transact business since the injury, and every other fact which would show that she was damaged in her business by reason of her inability to labor; and the jury, with all the facts before them, should make up their own opinion from the facts as to the amount of the damages.

In this case, the plaintiff seems to have made up the opinion which she was allowed to give from the fact that she made $1,500.00 the year she was hurt, and since that time she has only made expenses. This, at best, would be a very uncertain mode of arriving at the damages. There are so many other causes which might increase or diminish the profits in a business such as that in which she was engaged, that it would be difficult to tell how much her injuries, and how much other causes contributed to her losses. Much might depend upon the number of trains that stopped at her house for meals, the amount of travel and of competition, the price of provisions and a hundred other causes. It often happens that a merchant or boarding-house keeper makes a large amount of money some years, and other years runs the same kind of business with as much ability to labor, and makes nothing. Be this as it may, however, we think she ought not to have been allowed to give her opinion as to the amount of her damages; it matters not upon what facts she based her opinion.

2, 3. We see no error in the ruling of the court upon the third, fourth, fifth, sixth and seventh grounds of the motion. The witnesses were allowed, over the objection of counsel for plaintiff in error, to give their opinions as to what caused the cars to run off the track, by stating the facts upon which they based their opinions.

We think this ruling in accordance with a well established rule of evidence, and that it was not error for the court to permit these witnesses, who were present, and felt the motion of the train, or examined the wreck and saw the surroundings, the condition of the track and of the

fish-bars, the number of spikes by which they were held, the marks on the rails, or other facts from which they could form an opinion as to the cause of the run-off, to state such opinions, provided they stated the reasons on which they were based. An expert may give his opinion without stating the reasons therefor, but one who is not an expert may give his opinion, accompanied with the reasons. It is a very general rule that, wherever an expert can give an opinion without the reasons, that one who is not an expert can give an opinion with the reasons.

The objection to such evidence goes to its weight, and not to its admissibility. The credibility of all evidence depends, not only upon the character of the witnesses for truth, honesty and integrity, but also upon the knowledge the witness has of the facts and subject-matter about which he testifies; and this is more especially true where witnesses are allowed to give their opinions upon any subject. If it appears that a witness knows but little of the matter about which he testifies, and that from such want of knowledge he is unable to support his opinion by good reasons, the opinion of such a witness would and ought to have but little weight with the jury; while, if he showed that he was very familiar with the subject, and supported his opinion by strong reasons, the jury would give the opinion of such a witness more weight. But in either case it goes to the weight of the evidence, and not to its admissibility. We do not mean to say that a witness could give an opinion upon mere hearsay; he must know the facts which he states as reasons for his opinion. An expert may give an opinion upon a state of facts testified to by other witnesses.

4. The eighth ground of the motion for a new trial is as follows: Because the court charged the jury in the following language: "In some torts, the entire injury is to the peace, happiness and feelings of the plaintiff. In such cases, no measure of damages can be prescribed, except the enlightened conscience of impartial jurors."

We think this charge given, so far as the record shows, without qualification, was not applicable to the facts of the case, and was therefore error. Section 3067 of our Code, from which this charge was taken, or at least the law embraced in said section, was probably intended to apply to cases where one party injured another from motives of malice, and the injury was of such a character that the damage resulting therefrom could not be estimated by any other rule; as, for instance, where one man spat in the face of another, and other injuries of like character. But since this court has held that, in a case like the one at bar, the plaintiff may recover, not only the actual damage sustained by reason of expenses incurred and by loss of business and ability to labor, but that he may also recover damages for the physical pain and suffering which he endured.

The charge, as given in this case, would seem to be applicable to that part of the damage which plaintiff may have sustained by reason of the physical pain which she suffered.

The charge as given was calculated to mislead the jury, and induce them to believe that the whole case was thrown open to them, and that they had the right to fix the damages according to their enlightened consciences, without regard to the actual damages which were shown by the evidence.

The court should, at least, have qualified this charge by instructing the jury that, so far as the expenses incurred by plaintiff for medical attention and other expenses of like character were concerned, and so far as she was damaged by loss of time, inability to labor and to attend to business, if they found for the plaintiff, they should find the actual damage sustained by her, as shown by the evidence, and that they might add to that such sum as damage for the physical pain suffered by the plaintiff, and other injuries of that character where the actual damage cannot be ascertained by any rule of evidence as in their

enlightened conscience they might think reasonable and just.

5. It was insisted before the court in the argument of this case, that if the entire charge had been sent up, it would have shown that the portion of the charge excepted to by the plaintiff in error was qualified, so as to meet and obviate the objection made to the part which appears in the bill of exceptions, and that may be true; but where a portion of the charge is excepted to, and there is nothing in the record or in the presiding judge's certificate to show that the charge which appears was qualified, this court will presume that there was no such qualification.

As this case goes back for a new trial, we express no opinion upon its merits or upon the amount of damage plaintiff is entitled to recover, if entitled to recover at all. Let the judgment of the court below be reversed and a new trial granted.

Judgment reversed.