CENTRAL OF GEORGIA RAILWAY CO. *v.* ALMAND.

1. One who purchases from a railroad company a ticket which by its terms is good for passage on way freight-trains of the company, and which provides that in consideration of the privilege of traveling on such trains the purchaser agrees that the company shall not be liable for damage to his person or baggage while riding on its freight-trains, is not, by reason of the fact that his agreement to relieve the company from liability is invalid and not binding on him, precluded from recovering from the railroad company on account of his wrongful expulsion from one of its freight-trains.

2. In an action for damages against a railroad company on account of the wrongful expulsion of the plaintiff from one of the defendant's trains, where the plaintiff sues for the value of lost time and for expenses thereby incurred, as well as for punitive damages, it is erroneous to give in charge to the jury the provisions of section 3907 of the Civil Code, which has reference only to actions where the entire injury alleged is to the peace, happiness, and feelings of the plaintiff.

Submitted November 24, — Decided December 12, 1902.

Action for damages. Before Judge Sheffield. Randolph superior court. June 13, 1902.

*W. D. Kiddoo*, for plaintiff in error. *Arnold & Arnold*, contra.

CANDLER, J. Almand sued the railroad company for $5,000 damages, on account of his alleged wrongful expulsion from one of the defendant's trains. He alleged in his petition that on a day named he was the holder of a mileage ticket issued to him by the defendant, which he had bought and paid for, and which provided, among other things, that it should be good for passage on either passenger-trains or way freight-trains. This ticket was issued subject to certain conditions, one of which was the following: "That in consideration for being permitted to use this mileage ticket for passage on the way freight-trains, I hereby release the company from all liability in case of personal injury or for loss or damage to baggage while using said freight-trains." On the day named in his petition he alleged that he boarded a way freight-train of the defendant and presented his ticket to the conductor for his passage. The conductor refused to accept the ticket, and ordered him off of the train. He refused to leave, insisting that he had a right, under his ticket, to ride; whereupon the conductor, with another servant of the defendant, ejected him from the train in the presence of a number of people. He alleged that the tort was accompanied by

circumstances of aggravation, both in act and intention, and prayed for punitive as well as actual damages. The defendant demurred generally and specially, the special ground of demurrer being, " that the consideration given by the plaintiff for the privilege of being permitted to use the ticket described in his petition was not binding on him, and hence no consideration passed from him to the defendant, and said contract, in so far as it required the defendant to allow him to ride on way freight-trains, was without consideration, and not binding on the defendant, and the said privilege could be revoked at any time." This demurrer the court overruled. The answer of the defendant admitted that its conductor had, on the occasion alleged, refused to accept the plaintiff's ticket, and had required him to leave the train, but claimed that this was done in a polite and respectful manner, and denied that its servants had been guilty of any conduct to the plaintiff which would entitle him to punitive damages. The answer also averred that the defendant was "willing to concede that the plaintiff might be entitled to recover for any actual damage that occurred to him for the violation of the contract of carriage," but denied that the plaintiff had suffered any damage. On the hearing the jury found for the plaintiff $1,000 damages; whereupon the defendant made a motion for a new trial, which was denied. To the overruling of its demurrer to the petition, and of its motion for a new trial, the defendant excepted.

1. The petition was certainly good as against a general demurrer, and we are clear that the court also did right in overruling the special demurrer. The argument of the plaintiff in error seems to be that because, under the decision of this court in the case of *Central of Georgia R. Co.* v. *Lippman*, 110 *Ga.* 665, it could not by express contract relieve itself from liability for negligence to a passenger whom it might undertake to transport on one of its freight-trains, and because the agreement that it should be relieved from such liability was the consideration of its having accorded the plaintiff the privilege of riding on freight-trains, the granting of that privilege was not binding upon it, and might be revoked at any time upon proper notice to the holder of the ticket. It was urged in the brief of counsel for the railroad company that the plaintiff below "had full notice" that the privilege of riding on freight-trains granted in his ticket had been withdrawn, though by what means

this conclusion is reached we are at a loss to understand, unless it is intended to argue that by reason of the constructive knowledge of the plaintiff of the decision of this court in the *Lippman* case, cited supra, he was put on notice that the railroad company would no longer permit him to ride on its freight-trains. The position of counsel for the plaintiff in error is entirely untenable. It nowhere appears that the only consideration for the granting of the privilege to the plaintiff to ride on freight-trains of the defendant was his agreement that it should not be liable for any damage to him while riding on such trains. Presumably, the main and controlling consideration of the mileage ticket was the price which the petition alleged that the plaintiff paid for it; and that consideration was sufficient to support any of the privileges stipulated in the contract of carriage. If the ticket had contained no agreement on the part of the plaintiff that he would, under any circumstances, relieve the defendant from liability on account of damage to him, and had yet stipulated that he should be allowed to ride on way freight-trains, certainly it would not be contended that the absence of a consideration for such a stipulation beyond the payment of the purchase-price of the ticket would defeat the right of the plaintiff to recover for his wrongful expulsion from a freight-train of the defendant. If the action would be maintainable in the absence of any additional consideration at all for that privilege, then by parity of reasoning it would not be defeated because the consideration expressed was an agreement which could not in law be enforced.

2. It is complained in the motion for a new trial that the court below erred in giving in charge to the jury section 3907 of the Civil Code in its entirety, as follows: " In some torts the entire injury is to the peace, happiness, or feelings of the plaintiff; in such cases no measure of damages can be prescribed, except the enlightened conscience of impartial jurors. The worldly circumstances of the parties, the amount of bad faith in the transaction, and all the attendant facts should be weighed." This charge, under the facts disclosed by the record before us, was erroneous. The plaintiff sued for damages for lost time and expenses incurred by reason of his expulsion from the train,—injuries other than to his peace, happiness, and feelings; and while the injury to his feelings could only be gauged by the enlightened conscience of the jury, the law prescribes a more definite measure for determining the amount which

he was entitled to recover on account of his lost time and expenses. The charge was also erroneous in so far as it instructed the jury that they might consider the worldly circumstances of the parties to the case. There was no evidence going to show the worldly circumstances of either of the parties, and, as has been held by this court in cases similar to the one at bar, such evidence, if offered, would have been inadmissible. See *Higgins* v. *Cherokee Railroad*, 73 *Ga.* 149; *Georgia R. Co.* v. *Homer*, 73 *Ga.* 251; *Central R. Co.* v. *Senn*, 73 *Ga.* 705; *Coleman* v. *Allen*, 79 *Ga.* 638; *Atlanta R Co.* v. *Hardage*, 93 *Ga.* 458; *Southern R. Co.* v. *Harden*, 101 *Ga.* 263; *Southern R. Co.* v. *Bryant*, 105 *Ga.* 316. Only in cases " where the entire injury is to the peace, happiness, and feelings of the plaintiff " should evidence of the worldly circumstances of the parties " be weighed or be permitted to be weighed." What effect this charge had on the jury it is impossible to say. Their verdict was for one thousand dollars. We can not tell how that amount was fixed by them, or what elements entered into their calculations in figuring the damage done to the plaintiff. In the absence of any evidence on the subject, we are, of course, unable to say what the jury found the worldly circumstances of the parties to be, and what effect the charge complained of may have had on their minds is wholly a matter of conjecture. In a case of this sort, where the amount of damages must, in the nature of things, be left largely to the honesty and fair-mindedness of the jury, any material error of law in charging on a vital question is cause for a new trial.

Other than as specified in the foregoing, no error appears to have been made by the judge on the trial in the court below. The requests to charge, so far as they were legal and pertinent, were fully covered by the general charge. It is hardly necessary to reiterate the oft-repeated ruling of this court that the overruling of a demurrer is not a proper ground of a motion for a new trial. Except as has been already mentioned, there was no error in the charge of the court. The judgment of the court below is reversed solely on the ground of the error in the charge of the court pointed out in the second division of this opinion.

　　*Judgment reversed.　　All the Justices concurring, except Lumpkin, P. J., absent.*