20479. SOUTHERN RAILWAY COMPANY *v.* BULLOCK.

496

Decided January 16, 1931.

*Maddox, Matthews & Owens,* for plaintiff in error.

*Porter & Mebane,* contra.

Jenkins, P. J.   This was a suit for injuries alleged to have been sustained when the plaintiff was struck by cars of the defendant railway company, backing at night over a crossing.   The petition alleged, and the plaintiff testified, that the accident occurred at a public crossing, and that the defendant's cars were backed by a switch-engine over the crossing, without warning and without lights. The defendant contended that the injury to the plaintiff took place in its switch-yard, away from the crossing, when the plaintiff undertook to crawl under a car.   The plaintiff was a girl about fifteen years of age, and suffered the loss of three fingers of a hand in the accident.   The jury found in her favor in the sum of $1,000, and the defendant excepts to the order overruling its motion for a new trial.

1.   For personal injuries to a child of fifteen years, including an alleged permanent injury, where no recovery is sought on account of diminished earning capacity, although it is alleged in elaboration of the claim for general damages that the capacity of the plaintiff to earn money has been decreased, and where no proof of earning capacity is offered, the law furnishes no measure of damages other than the enlightened conscience of impartial jurors guided by all the facts and circumstances of the particular case.   *Western & At-*

*lantic R. Co.* v. *Young,* 81 *Ga.* 397 (4) (7 S. E. 912, 12 Am. St. R. 320) ; *Standard Oil Co.* v. *Parrish,* 40 *Ga. App.* 814 (4) (151 S. E. 541), and cases cited. Accordingly, the charge of the court, that "in some torts the entire injury is to the peace, happiness, or feelings of the plaintiff; in such cases no measure of damages can be prescribed except the enlightened conscience of impartial jurors" (Civil Code of 1910, § 4504), was not erroneous in that it gave to the jury an improper rule for determining the measure of the plaintiff's damages; since, although it was alleged in the petition that the plaintiff had suffered the loss of a part of her hand, by reason of which "her ability to earn money and make a living has been decreased at least one fourth," it was not set forth in the petition that she had any earning capacity, and no proof of earning capacity was offered. While the reference in the charge of the court to injuries to the "peace, happiness, or feelings of the plaintiff" was inapt, in view of the size of the verdict ($1,000) it can not be reasonably said that such reference was calculated to or did lead the jury to believe that they were authorized to assess exemplary damages against the defendant.

2. Where in such a suit for personal injuries a statement made by the plaintiff at the scene of the accident and a short time thereafter to the effect that she was injured while trying to crawl under a car of the defendant railway company was admitted in evidence, it was not improper to charge the jury that "all admissions should be scanned with care." Civil Code (1910), § 5784; *Louisville & Nashville R. Co.* v. *Bradford,* 135 *Ga.* 522 (5) (69 S. E. 870); *Pitts* v. *Rape,* 25 *Ga. App.* 722 (107 S. E. 100). The charge given was not erroneous and inapplicable for the reason that the statement made by the plaintiff constituted a part of the res gestæ of the transaction, and was admissible as such. A reference to the record discloses that an employee of the defendant testified that the statement was made to him by the plaintiff near the scene of the accident and after the injury and some few minutes before she was removed from the scene of the accident, but the length of time intervening between the accident and the alleged statement is not indicated. The plaintiff denied making any such statement. It does not, therefore, appear that the statement was admissible as a part of the res gestæ of the transaction, under the Civil Code (1910), § 5766, or that it was offered as such.

3. The charge of the court, that "before the plaintiff in this case has a right to recover, you must believe by a preponderance of the testimony that the defendant was negligent in at least one of the ways alleged in the petition; the plaintiff is not required to show that the defendant was negligent in all the ways alleged in the petition, but she must show that the defendant was negligent in at least one of the ways alleged," correctly stated an abstract principle of law, and was not subject to the criticism made that it was calculated to and did lead the jury to believe that they were authorized to find in favor of the plaintiff if it had been shown that the defendant was negligent in any one or more of the ways alleged in the petition, even though such negligence was not the proximate cause of the injury, or that it authorized a finding in favor of the plaintiff in the event negligence on the part of the defendant was shown, irrespective of the other facts and circumstances surrounding the accident. Nor did this instruction amount to an expression of opinion on the part of the court that the acts complained of constituted negligence. The court properly instructed the jury that the plaintiff could not recover if she was lacking in ordinary care for her own safety; that the jury should look to the evidence and "see where the negligence lies, if there was negligence, or what the proximate cause of this injury was," and the failure to give in charge, in connection with the charge complained of, another principle of law was not error.

4. The charge upon the comparative-negligence rule was authorized by the evidence, since the jury might have found, from the testimony of the plaintiff, that she was negligent in some degree in entering upon the crossing where she testified she was injured. The language of the charge upon this subject, that "if the defendant was negligent, and the negligence of the plaintiff was not equal to the negligence of the defendant, if the defendant was negligent, then she would be entitled to recover," but that the damages should be diminished in proportion to the amount of default attributable to her, was not erroneous in that it authorized a finding in favor of the plaintiff if her negligence exceeded that of the defendant. The charge, reasonably construed, meant that if both the plaintiff and the defendant were negligent, the plaintiff could not recover, unless her negligence was less than that of the defendant.

5. The evidence, though in sharp conflict, authorized the finding

in favor of the plaintiff, and for no reason assigned can the verdict be set aside.

*Judgment affirmed. Stephens and Bell, JJ., concur.*