20660. CITY OF WAYCROSS v. HOWARD.

JENKINS, P. J. 1. It is the duty of a municipal corporation to keep its streets and sidewalks in a reasonably safe condition; and if a defect has existed in a sidewalk for such a length of time that by reasonable diligence in the performance of their duties the defect ought to have been known by the proper authorities, notice will be presumed, and proof of actual knowledge will not be necessary in order to render the municipality liable for injuries occasioned thereby. Civil Code (1910), § 898; *Idlett* v. *Atlanta,* 123 *Ga.* 821 (51 S. E. 709); *Scearce* v. *Gainesville,* 33 *Ga. App.* 411 (126 S. E. 883). The length of time such a defect must exist in order for an inference of notice to arise is ordinarily a question for the jury. *Enright* v. *Atlanta,* 78 *Ga.* 288 (6); *Mayor &c. of Macon* v. *Morris,* 10 *Ga. App.* 298 (73 S. E. 539); *City of Rome* v. *Brooks,* 7 *Ga. App.* 244 (66 S. E. 627). In the instant case, where there

was evidence indicating that an iron rod about three fourths of an inch in diameter, and about 24 feet in length, had been lying on a sidewalk of the defendant municipality for more than a week, it can not be said, as a matter of law, that the jury were not authorized to find that such defect had existed a sufficient length of time for an inference of notice to arise as against the municipal corporation.

2. The charge of the court, in stating the issues involved by the pleadings, that "in answer to that the city admits that it is a corporation and that Parker Street exists in the City of Waycross, but denies that the city is liable in damages for any reason set forth in plaintiff's petition, and that if she was injured the injuries were such that she could have avoided the consequences of her own act, and therefore, for that reason, the city is not liable," could not have been confusing to the jury or harmful to the defendant, in view of the subsequent charge that "the plaintiff is required to exercise ordinary care and diligence to avoid the consequences of her own act or the act of the defendant, and if you find that she did not exercise ordinary care and diligence as herein set forth, then and in that event you should find in favor of the defendant." Nor could such charge have been confusing to the jury as misstating the contentions of the defendant, in view of the general denial of liability contained in the answer, to which was added only a general averment that the defendant was in no wise responsible for any damage sustained by the plaintiff at the time and in the manner alleged.

3. The charge of the court that "you will decide the material issues involved in this case in favor of that party with whom you find the preponderance of the testimony lies upon the material issues involved in the case, the burden being upon the plaintiff to prove the allegations as made in her petition," could not have been confusing to the jury or harmful to the defendant, since the court thereafter instructed the jury that the plaintiff could not recover unless she established to the satisfaction of the jury, by a preponderance of the evidence, that the defendant was negligent as alleged in the petition.

4. The court did not err in instructing the jury that the "measure of damages for pain and suffering is the enlightened conscience of an impartial jury," since the only element of damage proved for which the plaintiff could recover was pain and suffering. While there was some proof going to show a temporary inability on the part of the plaintiff to perform her duties as a housewife, and that such temporary disability continued in a lesser degree at the time of the trial, no recovery was sought on account of any such element of damages, and no right of action therefor existed in the plaintiff, who was a married woman.

5. The charge of the court that if the jury "find from the evidence that the injury was caused by an obstruction, to wit, an iron pipe, and that its existence was of such duration as to infer that defendant had or should have had notice or knowledge, then and in that event you would be authorized to infer that they had knowledge of its existence," could not reasonably be construed as amounting to an expression of opinion by the court that the iron pipe or rod in question amounted to an "obstruction," since the court expressly instructed the jury that the facts should be determined "from the evidence, the court not intimating to you what has or has not been proven."

6. The court did not abuse its discretion in holding that a new trial was not required by the alleged newly discovered evidence by which the movant contended the defendant could establish that the particular spot where the evidence indicated the obstruction was situated did not form a part of the sidewalk belonging to the city; the movant contending that it was not aware until the time of the trial that the plaintiff claimed to have been injured on the sidewalk adjacent to a certain pool-room building, but understood it occurred in front of another building; movant contending that a survey of the city street in front of the pool-room showed that the pool-room building was situated about five feet beyond the city sidewalk line, and that the space on which the evidence showed that the obstruction was located was in fact between the pool-room building and the sidewalk. In view of the fact that the petition specifically alleged that at the time of the injury the plaintiff was walking "just behind the pool-room," and that the iron rod over which she stumbled was "lying up and down on said sidewalk about fifteen inches from the wall of the building," the court was authorized to hold that the facts which the movant contended could be established by such newly discovered evidence were either known or could have been discovered by the exercise of ordinary diligence.

7. The evidence authorized the verdict in favor of the plaintiff, and the court did not err in overruling the motion for a new trial.

*Judgment affirmed. Stephens and Bell, JJ., concur.*

DECIDED FEBRUARY 13, 1931.

*J. D. Blalock,* for plaintiff in error. *Wilson & Wilson,* contra.