35546. CHAMBERLIN COMPANY OF AMERICA. *v.* MAYS.

DECIDED APRIL 7, 1955—REHEARING DENIED JUNE 10, 1955.

*A. Mims Wilkinson, Jr.,* for plaintiff in error.

*J. Walter LeCraw, Emory J. Kinard,* contra.

QUILLIAN, J. The petition stated a cause of action and was not subject to general demurrer as set out in grounds 1 and 12. The contentions made by the defendant in support of its general demurrer were that the petition did not show that (a) the defendant's attorney acted within the scope of his employment, and consequently the defendant was not liable for his alleged tortious act in having the plaintiff's property levied upon and

taken possession of by the levying officer; (b) the acts of the defendant's attorney were not the proximate cause of the damage sustained by the plaintiff.

We have carefully examined the cases cited in support of the demurrant's positions, particularly those relating to the proposition that the petition did not show the acts of the defendant's attorney to have been within the scope of his employment. We readily agree that, had the petition failed to show the defendant's responsibility for the attorney's conduct, it would not be held liable. However, under authority of *Conney* v. *Atlantic Greyhound Corp.*, 81 *Ga. App.* 324 (2) (58 S. E. 2d 559), and *Pickard* v. *Gregory*, 88 *Ga. App.* 475 (76 S. E. 2d 860), we are constrained to hold that the allegation that the defendant committed the tortious acts charged in the petition, acting through his attorney, was equivalent to an averment that the attorney acted within the scope of his employment.

As to insistence that the alleged tort was not the proximate cause of the plaintiff's damages, it should be noticed that the plaintiff sued for damages on account of being deprived of her property and having it publicly levied upon and removed from the premises without legal authority, and for injury to her health resulting from shock incident to and growing out of the embarrassing situation caused by the unlawful seizure of her chattels.

While we think that it could have been reasonably inferred from the petition that the injury to the plaintiff's health was a natural consequence of the tort alleged to have been committed by the defendant, acting through its attorney, certainly the damage that the plaintiff is alleged to have suffered in having her household furniture taken and carried away was the direct and proximate result of the levy alleged to have been wrongfully procured by the defendant through its attorney.

It is of interest to note that, where a wilful and intentional tort is committed against another, though such tort be in reference to property rights, in a proper case the tortfeasor may be liable for injuries to the plaintiff's health resulting from such tort. *Atlanta Hub Co.* v. *Jones*, 47 *Ga. App.* 778 (171 S. E. 470); *Kuhr Brothers* v. *Spahos*, 89 *Ga. App.* 885, 889 (81 S. E. 2d 491).

■ Paragraphs 2-11; 13-19; 21, 23, 24; 26-29; 31, 32; 34-36; 38-39, and 40, present grounds of special demurrer. They attack the petition on the grounds of misjoinder of causes of action; that the petition seeks to recover on the wrong measures of damages, is duplicitous, multifarious, and contradictory in its allegations. They criticize various averments of the petition as being conclusions, a negative pregnant, vague, uncertain, immaterial, irrelevant, and prejudicial. None of these grounds of demurrer raised any question for consideration by the trial court or that can be reviewed by this court, because none of them shows wherein or for what reason the petition or its allegations demurred to are defective or subject to the criticisms made of them by the demurrer.

■ Ground 20 of the demurrer alleges that paragraph 12 of the petition is uncertain, vague, and indefinite in its averments, for the reasons that it does not allege who caused the moving van to be brought to the plaintiff's apartment or who assisted the deputy marshal in carrying away the plaintiff's personal chattels. The allegation that the deputy marshal did the acts alleged is quite sufficient, without setting forth the names of the hirelings who at his behest physically removed the plaintiff's household goods.

■ Ground of special demurrer 22 asserts that paragraph 13 of the petition is indefinite in that, while it alleges that the plaintiff's household goods were carried away in the presence of her friends and neighbors, it does not allege the names of the neighbors. The paragraph is not subject to the criticism made of it.

"Reasonable certainty is all that is required in pleadings." *Atlantic Coast Line R. Co. v. Davis*, 5 *Ga. App.* 214, 216 (62 S. E. 1022). If the ground should be held good, then, whenever one alleged that an act was publicly done, the name of each member of the public who witnessed it would have to appear in the petition. Such rule would be obviously impractical and in many instances would require of the plaintiff the impossible.

Grounds 25, 30, 33, and 37 were properly overruled.

Paragraph 20 of the petition was not subject to the criticism made of it in paragraph 36 of the demurrer, namely, that it constituted a mere conclusion of the pleader unsupported by the allegations of the petition.

Paragraph 40 of the demurrer, attacking the petition as a whole on the ground that it alleges no proper measure of damages, is without merit.

*The judgment of the trial court is affirmed. Felton, C. J., and Nichols, J., concur.*