## 25015. WILSON v. McLENDON.

ARGUED JANUARY 14, 1969—DECIDED FEBRUARY 6, 1969—
REHEARING DENIED FEBRUARY 20, 1969.

*Clein & Babush, Harvey A. Clein, Dunaway, Shelfer, Haas & Newberry, Scott A. Ray,* for appellant.
*George W. Willingham,* for appellee.

MOBLEY, Justice. The question for determination in this case is whether that part of *Code* § 105-2003 authorizing the jury to consider the "worldly circumstances of the parties" in tort actions where "the entire injury is to the peace, happiness, or feelings of the plaintiff," violates the equal protection clause of the Fourteenth Amendment of the Constitution of the United States (*Code* § 1-815).

In ruling on objections to interrogatories served on the alleged tortfeasor, requiring him to give a detailed account of his personal assets and financial condition, the trial judge sustained the ground of the objections asserting that this provision of *Code* § 105-2003 is unconstitutional. Thereafter an order was entered denying the plaintiff's motion to compel answers to the interrogatories, and striking the paragraph of the petition alleging the net worth of the defendant. Error is assigned on these orders, and the trial judge certified that the questions made are of such importance to the case that immediate review should be had.

The courts of most of the States of this country allow the recovery of punitive, exemplary, or vindictive damages in tort cases where the tortfeasor's wrongdoing has been intentional and deliberate. Provisions regarding exemplary damages, in substantially the same form as those in our present *Code* §§ 105-2002 and 105-2003, were embodied in the Code of Georgia of 1863 (§§ 2998 and 2999), and have been a part of our statute law since that date. They establish the public policy of our State and preclude any inquiry by this court into the correctness of the concept of punitive damages as a part of the law of torts of this State.

It is the general rule in courts of this country that the financial condition of the defendant may be considered in determining the amount of exemplary or punitive damages to be awarded, although there is some authority to the contrary. 25 CJS 1168, Damages, § 126 (3); 22 AmJur2d 422, Damages, § 322; Prosser on Torts, 3rd Ed., p. 14. Counsel for the appellee has cited no case in any court in which it has been held that a statutory provision of any State is unconstitutional which allows evidence as to the financial circumstances of the tortfeasor in actions for punitive damages.

In this State it is only in those torts where the entire injury is to the peace, happiness, or feelings of the plaintiff that the "worldly circumstances of the parties" can be considered. *Code* § 105-2003; *Georgia R. v. Homer*, 73 Ga. 251 (1); *Southern R. Co. v. Bryant*, 105 Ga. 316 (31 SE 182); *Central of Ga. R. Co. v. Almand*, 116 Ga. 780 (2) (43 SE 67); *Georgia R. & Bkg. Co. v. Benton*, 117 Ga. 785 (2) (45 SE 70); *Baldwin v. Davis*, 188 Ga. 587, 592 (4 SE2d 458). This is only one element to be considered in assessing such damages, the others being "the amount of bad faith in the transaction, and all the attendant facts."

The appellee asserts that evidence of the financial circumstances of the tortfeasor violates the equal protection clause of the Federal Constitution in that it wrongfully discriminates against persons of wealth by requiring them to pay greater damages than persons of lesser means under similar circumstances. It is argued that the provision has the effect of placing wealthy persons in a separate classification from poor persons, and discriminating against wealthy persons.

The reason for allowing evidence of the financial condition of the tortfeasor in an action for punitive damages is that "the allowance of a given sum would be greater punishment to a man of small means than to one possessing larger wealth." 22 AmJur2d 422, Damages, § 322; *Marriott v. Williams*, 152 Cal. 705 (93 P 875). In *Tolleson v. Posey*, 32 Ga. 372, 375, an action for slander, this court held that it was erroneous to reject tax books to show the quality and value of property owned by the defendant, stating: "This evidence was offered to aid the jury in fixing the measure of damages. Juries are authorized in such cases to give smart money, or in other words, to make the verdict somewhat positive. What a poor man would feel as smart money, one of very large means would not."

The provision of *Code* § 105-2003 under attack here makes no visible and arbitrary classification of rich people on the one hand, and poor people on the other. It applies the same rule to rich and poor by permitting, as to each defendant, his worldly circumstances to be shown. This is a fair and equitable rule, as to damages assessed for the purpose of deterring gross mis-

conduct, since the assessment of even a small amount of damages would be adequate punishment for a very poor man, whereas it would require the assessment of a much larger sum to be any punishment for a very wealthy man.

The cases cited by the appellee on the denial of equal protection of the laws, by improper classifications having no relation to the object of the law, are not in point on their facts with the present case.

Counsel for the appellee contends that *Code* § 26-1502 fixes the punishment for false imprisonment (the wrong alleged in the present case), and that the allowance of civil damages in such cases authorizes juries to fix punishments, rather than the legislature. Such argument relates only to the question of whether punitive damages should be allowed in any instance, and this question has been settled in this State by legislative enactment.

It was error for the trial judge to sustain the ground of objections to the interrogatories asserting the unconstitutionality of the portion of *Code* § 105-2003 allowing evidence of the worldly circumstances of the parties; to refuse to compel answers to the interrogatories because of this objection; and to strike the paragraph of the petition alleging the financial position of the appellee.

*Judgment reversed. All the Justices concur, except Duckworth, C. J., not participating, absent because of illness.*