## 27142. MONTEGA CORPORATION v. HAZELRIGS.

JORDAN, Justice. Hazelrigs, the guardian of Brand, sought damages and equitable relief against Montega Corporation for Brand, alleging a continuing and abatable wilful trespass and nuisance, in that Montega, by reason of construction activities on its land adjacent to land owned by Brand, caused and was causing unnatural flooding and the deposit of soil and rocks on Brand's property. This is an appeal from an interlocutory order, duly certified by the trial judge, overruling the defendant's motion to strike paragraph 18 of the petition, as follows: "As a further direct and proximate result of defendant's intentional, wilful and malicious acts, plaintiff has suffered severe mental and emotional pain and suffering and has become seriously mentally ill and has been committed to the Central State Hospital in Milledgeville, Georgia, for treatment. Accordingly, plaintiff is entitled to recover from defendant the sum of $250,000 as damages for such mental illness and mental pain and suffering."

The defendant contends that this paragraph "constitutes an effort to allege and claim an item of damage not recognizable under Georgia law based upon the allegations contained in the complaint." *Held:*

We affirm. What the plaintiff relies upon, as disclosed by the allegations under attack, when viewed with the remainder of his complaint, is that an intentional trespass to property will support a claim for mental illness occasioned thereby, unaccompanied by actual physical injury.

The leading case of *Chapman v. Western Union Telegraph Co.,* 88 Ga. 763 (15 SE 901, 17 LRA 430, 30 ASR 183) on which the defendant relies in seeking a reversal here, is not authority to the contrary. The Court of Appeals, in commenting on this case and others, has stated: "In cases where mere negligence is relied on, before damages for mental pain and suffering are allowable, there must also be an actual physical injury to the person, or a pecuniary loss resulting from an injury to the person which is not physical; such an injury to a person's reputation, or the mental pain and suffering must cause a physical injury to the person. . . In cases where mere negligence is not relied on, but the conduct complained of is malicious, wilful, or wanton, mental pain and suffering may be recovered without the attendant circumstances mentioned above." *Kuhr Bros., Inc. v. Spahos,* 89 Ga. App. 885, 890 (81 SE2d 491). Later, in a case involving an intentional trespass, entering and removing furniture from an apartment, the Court of Appeals said: "It is of interest to note that, where a wilful and intentional tort is committed against another, though such tort be in reference to property rights, in a proper case the tortfeasor may be liable for injuries to the plaintiff's health resulting from such tort." *Chamberlin Co. of America v. Mays,* 92 Ga. App. 173, 175 (88 SE2d 176). Insofar as is here applicable we find nothing to the contrary in the numerous cases cited by the defendant, many of which expressly recognize the distinction between claims based on mere negligence and more aggravated situations.

Inasmuch as an intentional tort is here alleged as the basis for damages for mental illness, we do not reach a consideration of the holding in *Barrow v. Ga. Lightweight Aggregate Co.,* 103 Ga. App. 704, 709 (120 SE2d 636), that a mere trespass to real property, but not necessarily intentional, wilful, or malicious, "imposes liability for damage caused to property and person, including mental and physical injury of the owner and his family" except to note that it reflects an enlightened viewpoint here-

tofore not expressly recognized in Georgia.

*Judgment affirmed. All the Justices concur.*
ARGUED APRIL 12, 1972—DECIDED MAY 3, 1972.

*Long, Weinberg, Ansley & Wheeler, Palmer H. Ansley, J. Kenneth Moorman, Neely, Freeman & Hawkins, Albert H. Parnell, Wall & Campbell, Al Wall,* for appellants.

*Shoob, McLain & Jessee, C. James Jessee, Jr., Christopher D. Olmstead,* for appellee.