52651. PILKENTON et al. v. EUBANKS.

WEBB, Judge.

Mr. and Mrs. Pilkenton and their minor son sued Eubanks for injuries to person and property arising from an automobile collision. The jury returned a verdict of $4,000 for Mr. Pilkenton and $500 each for his wife and son, and this was made the final judgment of the trial court.

1. Appellants contend that the trial court erred in failing to charge on punitive and vindictive damages. Code §§ 105-2002 and 105-2003.

(a) The pre-trial order recites that appellants relied upon Code Ann. § 105-2003 as the sole basis for recovery of vindictive damages. Since this order was not modified it controls the subsequent course of the action. Code Ann. § 81A-116; *Edwards v. Delvero,* 139 Ga. App. post (1976). Appellants have failed to point out any evidence of aggravating circumstances warranting a charge on Code § 105-2002, nor did they request such instructions in writing as required by Code Ann. § 70-207 or object to the court's failure to charge at the conclusion of the evidence. This enumeration is without merit.

(b) "Code § 105-2003 provides for damages arising from torts where the entire injury is to the peace, feelings or happiness. 'Entire injury' means there is no injury to the 'person or purse' in cases contemplated by this Code section, the tort being of such a nature as to give rise to mental pain and suffering only. Moreover, in such cases, a recovery is allowed only where there is a wilful and

intentional tort." *Blanchard v. Westview Cemetery,* 133 Ga. App. 262, 269 (10) (211 SE2d 135) (1974) (Judgment modified on other grounds, 234 Ga. 540 (216 SE2d 776) (1975)).

In this case Mr. Pilkenton testified in regard to property damage to his automobile, his injuries and physical pain and suffering, and his loss of wages and medical expenses. Mrs. Pilkenton testified as to her injuries and there was extensive testimony concerning the injury to the minor child. The court fully charged on all the appellants' rights of recovery and a charge on Code § 105-2003 as requested clearly would have been in error.

2. Error is assigned on the trial court's overruling appellants' motion for mistrial based upon a construction of certain evidence made by Eubanks' counsel in closing argument without rebuking counsel or properly instructing the jury to disregard the argument. The transcript reveals, however, that the judge did, at the time he overruled the motion, instruct the jury not to accept "anything the attorneys say in their argument as being evidence, it is an argument, that is all it is, you are permitted to draw a reasonable inference upon the testimony you heard . . ." This was sufficient.

3. Appellants complain that the amount of damages awarded to Joseph Pilkenton, the minor child, was inadequate.

The evidence was that the child, who was fifteen months old at the time of the injury, had suffered from nightmares as a result of the collision. X-rays revealed a mass in his right kidney requiring exploratory surgery wherein it was discovered that the mass was not of traumatic origin but was a congenital accessory kidney, which the doctor removed. The doctor testified that the only thing the accident precipitated was the discovery of the mass, which had to be removed. Under these facts where the only permanent injury shown was a four-inch scar on the child's abdomen, we cannot say that the jury's award of $500 was so inadequate as to justify the inference of gross mistake or undue bias. Code § 105-2015; *Kirkman v. Miller,* 116 Ga. App. 78 (2) (156 SE2d 558) (1967) and citations.

4. Enumerated errors 3 and 4, complaining of failure

to give certain charges which were not requested in writing as required by Code Ann. § 70-207 (b), are not meritorious.

5. Appellants assert that two of Eubanks' requested charges were erroneously given. Only one who has been harmed is in a position to complain of an error, *Travelers Indem. Co. v. Cumbie,* 128 Ga. App. 723, 726 (197 SE2d 783) (1973), and where, as here, the jury finds in favor of the plaintiffs, the charges complained of are not harmful as a matter of law. *Howard v. Gardner,* 128 Ga. App. 545, 546 (2) (197 SE2d 386) (1973).

*Judgment affirmed. Deen, P. J., and Quillian, J., concur.*

SUBMITTED SEPTEMBER 14, 1976 — DECIDED SEPTEMBER 28, 1976.

*Paul S. Weiner,* for appellants.
*Beck, Goddard, Owen & Murray, Samuel A. Murray,* for appellee.

