56934. JOHN M. MURRAY, JR. CONSTRUCTION COMPANY, INC. v. TUXEDO PLUMBING & HEATING COMPANY, INC.

BANKE, Judge.

The appellant, John M. Murray, Jr., Construction Company, Inc., appeals the denial of his motion to set aside a default judgment entered in favor of the appellee, Tuxedo Plumbing & Heating Co., Inc.

The appellant was served on April 18, 1978, and the suit went into default when the appellant failed to file his answer within the following 30 days. See Code Ann. §§

81A-104 (d), 81A-155 (a). The parties appeared in court at the first calendar call of the case, at which time the appellee made an oral motion to dismiss the appellant's answer and counterclaim. The trial judge granted the motion on the grounds that the defendant's answer and counterclaim were not timely filed and that the defendant had never paid court costs, a prerequisite to the opening of a default. See Code Ann. § 81A-155 (b). He then entered a final judgment for the appellee. The appellant now appeals the denial of his motion to set aside the judgment.

Once a final judgment is entered, the provisions of Code Ann. § 81A-155(b) regarding the opening of defaults becomes inapplicable. The record shows that the default judgment in this case was filed with the clerk on the date of its pronouncement. There is no indication, nor is there any contention, that the appellant paid the costs and moved to open the default prior to the filing of the judgment in the clerk's office. See Code Ann. § 81A-158 (b). In addition, see generally *Early Co. v. Bristol Steel &c., Inc.,* 131 Ga. App. 775 (206 SE2d 612) (1974) (error to open a default based upon appellant's explanation that he became confused as to the date his answer was due because the appellee's complaint was served on the various defendants on different days.)

Notwithstanding the absence of a nonamendable defect apparent upon the face of the record, the defendant's motion to set aside is valid since it was made within the same term that judgment was rendered. See *Martin v. General Motors Corp.,* 226 Ga. 860 (1) (178 SE2d 183) (1970); *Ammons v. Bolick,* 233 Ga. 324 (1) (210 SE2d 796) (1974). However, "[I]n order to set aside a default judgment, the defendant must have not only a meritorious defense but a legal excuse for his non-appearance. . . Where the allegations of the motion to reopen the default show no sound and legal reason for doing so, it is not a matter for the exercise of discretion, but a matter of law that the defendant's motion should not prevail. [Cit.]" *Davison-Paxon Co. v. Burkart,* 92 Ga. App. 80, 83-84 (88 SE2d 39) (1955). The defendant in this case failed to present a legal excuse for his being in default, and the fact that he was present in court and ready to proceed to trial upon call of the case does not permit a

different result.

In addition, the court notes that the appellee was not required to serve notice on the appellant of his intention to seek a default judgment. See Code Ann. § 81A-105 (a); *Newell Road Builders, Inc. v. Ramirez,* 126 Ga. App. 850 (192 SE2d 184) (1972).

*Judgment affirmed. Deen, C. J., and Smith, J., concur.*

SUBMITTED NOVEMBER 14, 1978 — DECIDED FEBRUARY 21, 1979.

*Rawlins & Mobley, David D. Rawlins,* for appellant.
*Claude E. Hambrick,* for appellee.