## 71609. BRUNSWICK GAS & FUEL COMPANY, INC. v. PARRISH.
### (347 SE2d 240)

BIRDSONG, Presiding Judge.

Leon Parrish sued Brunswick Gas & Fuel Co., Inc. ("Brunswick") for the wilful and intentional conversion of a metal gas container from his land. He averred only that the act of Brunswick's employees had "resulted in his peace, happiness and feelings being violated," and prayed for $10,000 damages. Brunswick was in default, unrelieved, and the trial court granted judgment to the plaintiff upon a specific finding that Brunswick's employees trespassed on plaintiff's lands and wilfully and intentionally and with reckless disregard for plaintiff's rights converted plaintiff's metal gas container to its own use; and that "as the result of such misconduct, plaintiff sustained damages solely to his peace, happiness and feelings in the amount of $10,000" for which judgment was given.

Brunswick thereupon filed a motion for new trial or a motion to set aside the default judgment, which was denied. On appeal, Brunswick contends the judgment is contrary to law because the conversion involved loss of property, whereas damages for injury to peace, happiness and feelings ("vindictive" damages; OCGA § 51-12-6) can be recovered only where "the entire injury is to the peace, feelings or happiness [and] there is no injury to the person or purse . . . the tort being of such a nature as to give rise to mental pain and suffering only. . . ." *Pilkenton v. Eubanks*, 139 Ga. App. 673 (229 SE2d 146). *Held*:

1. Parrish's motion for penalty for frivolous appeal is denied.

2. On procedural grounds, Brunswick's motion for new trial or motion to set aside default judgment was properly denied. Brunswick, in seeking a new trial, does not base its motion upon an "intrinsic defect which does not appear upon the face of the record" (OCGA § 9-11-60 (c)). *Allstate Ins. Co. v. Travelers Ins. Co.*, 249 Ga. 504 (291 SE2d 535). Furthermore, it is only the *judgment*, and not the verdict or finding of fact, which is under attack, and fault in judgment does not warrant a new trial. *Sunn v. Mercury Marine*, 166 Ga. App. 567, 568 (305 SE2d 6).

A judgment cannot be set aside in equity unless its rendition is "unmixed with the negligence or fault of the complainant," as this judgment obviously was not. OCGA § 9-11-60 (e); *Allstate Ins. Co.*, supra. Consequently, with regard to default judgments, a motion to set aside cannot be granted when it fails to show "not only a meritorious defense but a legal excuse for his non-appearance." *John M. Murray Constr. Co. v. Tuxedo Plumbing &c. Co.*, 149 Ga. App. 101, 102 (253 SE2d 465). "Where the allegations of the motion to reopen the default show no sound and legal reason for doing so, it is not a matter for the exercise of discretion, but a matter of law that the defendant's motion should not prevail." Id. "When a party has been afforded an opportunity to be heard, the court cannot suspend or vacate its judgment merely to let in a defense which should have been offered before the judgment was entered." *Davison-Paxon Co. v. Burkart*, 92 Ga. App. 80, 83 (88 SE2d 39). *Hurt Bldg. v. Atlanta Trust Co.*, 181 Ga. 274 (182 SE 187). The reasons given for the defendant's failure to answer the suit do not warrant setting aside this judgment.

3. Moreover, on substantive grounds, Brunswick is incorrect in its attack on the judgment, wherein it in effect claims Parrish cannot get damages for injury to his peace, happiness or feelings (OCGA § 51-12-6) because the injury by this conversion also involved injury to his purse or property.

We note first that Parrish neither alleged nor claimed any damages for injury to his purse or property. While Parrish averred that his gas container was converted, he neither alleged nor sought any damages for the value of his gas container. Mayhap the gas container had no monetary value.

Brunswick's objections to the judgment are really twofold: first, that damages for wounded feelings may not be recovered in an action arising out of a tort to property; second, that vindictive damages for wounded feelings may not be recovered where there was any other injury, claimed or unclaimed.

While it is true in this case that the plaintiff did in fact lose a metal gas container from his land, the can assumedly having some small value, does this fact preclude the plaintiff from filing a claim for

wounded feelings under OCGA § 51-12-6, especially in view of the fact that plaintiff chose not to include in his suit recovery for the removed can? We think not.

The vindictive damages statute (OCGA § 51-12-6) in allowing damages for wounded feelings makes no distinction between personal injury and a tort to property. In *Chamberlin Co. of America v. Mays*, 92 Ga. App. 173, 175 (88 SE2d 176), involving wrongful levy of property, the plaintiff sought recovery for humiliation, shock, embarrassment, distress and nervousness. We held: "[W]here a *wilful and intentional tort* is committed against another, though such tort be in reference to property rights, in a proper case the tortfeasor may be liable for injuries to the plaintiff's health resulting from such tort. [Cits.]" (Emphasis supplied.) See also *Montega Corp. v. Hazelrigs*, 229 Ga. 126, 127 (189 SE2d 421); *Barrow v. Ga. Lightweight &c. Co.*, 103 Ga. App. 704, 709 (120 SE2d 636); *Westview Cemetery v. Blanchard*, 234 Ga. 540 (216 SE2d 776); *McCoy v. Ga. Baptist Hosp.*, 167 Ga. App. 495, 497 (306 SE2d 746).

We conclude that under appropriate circumstances an action involving a tort to property can support a claim for wounded feelings under § 51-12-6.

In *Blanchard*, supra, we said, "[OCGA § 51-12-6] provides for damages arising from torts where the entire injury is to the peace, feelings or happiness. *Entire injury means there is no injury to the person or purse in cases contemplated by this code section, the tort being of such a nature as to give rise to mental pain and suffering only.*" (Emphasis supplied.) In that case, the entire injury was to peace, happiness and feelings and no other injury appeared. We did not consider the effect of the statute on cases where other injury might appear but the only injury *claimed* is to peace, happiness and feelings.

*Pilkenton v. Eubanks*, 139 Ga. App. 673, supra, quotes the statement in *Blanchard*, just quoted, and is relied upon by Brunswick. But in the *Pilkenton* case the tort was negligent, not wilful, and that is the reason recovery for wounded feelings was not allowed *under § 51-12-6*; nor could such recovery be allowed under § 51-12-6 because punitive damages based on negligence were recovered under OCGA § 51-12-5 and additional recovery for the same tort in a wilful tenor amounts to a "double recovery" and is not allowed. *Westview Cemetery*, supra at 545.

In *Central R. v. Senn*, 73 Ga. 705, 712, the Supreme Court surmised that the code section "was probably intended to apply to cases where one party injured another from motives of malice, and the injury was of such a character that the damage resulting therefrom could not be estimated by any other rule; as, for instance, where one man spat in the face of another, and other injuries of like charac-

ter."

The explanation in the case still does not contribute to judicial clarity. Suppose someone spat in a man's face but some of the spittle landed on the man's hat; is the plaintiff then forced to forego his claim for wounded feelings and claim only for the value of his hat, because the "entire injury" was not to peace, happiness or feelings?

Cases have indicated that although some other injury may have occurred, wounded feelings may be *claimed* as the entire injury. See *City of Waycross v. Howard*, 42 Ga. App. 635, 636 (157 SE 247); *Southern R. Co. v. Bullock*, 42 Ga. App. 495 (156 SE 456). And see particularly *Baldwin v. Davis*, 188 Ga. 587, 592-593 (4 SE2d 458), which contemplated recovery for wounded feelings "whether the entire injury or only a part of it consists of that element."

In *Hodges v. Youmans*, 129 Ga. App. 481, 487 (200 SE2d 157), the plaintiff alleged "a vague welter of tort claims . . . including personal torts and allegations of injury to property and business interests." The plaintiffs sought to discover the defendant's wealth for a potential claim for vindictive damages. We noted that the code section (§ 51-12-6) "may be invoked only where the entire injury is to the peace, happiness, or feelings of the plaintiff — a requirement that case law has left substantially undefined." In view of the allegations of personal tort as well as injury to property and business interests, we said: "This would not appear to be a situation in which the 'entire injury' is to his 'peace, happiness or feelings.' However . . . [s]hould plaintiff elect to press at trial only a claim properly within [OCGA § 51-12-6], then properly drawn interrogatories searching into a defendant's wealth *could* be appropriate and the answers admissible."

We conclude that the code language referring to a tort where "the entire injury" is to peace, happiness and feelings includes a situation where the entire injury *claimed* is to peace, happiness and feelings, although there may have been other more insignificant injuries in the case.

Recovery for wounded feelings is authorized under the punitive damages statute, § 51-12-5, in a wilful tort involving aggravating circumstances, without restriction as to whether they are accompanied by other injury.

The caveat is clear and it is well established that if damages for mental pain and suffering sought under § 51-12-6 are not accompanied by physical or pecuniary loss, recovery is allowed only if the conduct complained of was malicious, wilful or wanton. *Westview Cemetery*, p. 544. On the contrary, in cases where mere negligence is relied on, before damages for mental pain and suffering are allowable there must also be an accompanying physical injury to the person or pecuniary loss resulting from an injury, including injury to property. Id. p. 543; *Montega Corp. v. Hazelrigs*, supra, p. 127; *Tuggle v. Wilson*, 248

Ga. 335, 337 (282 SE2d 110). See *Hamilton v. Powell, Goldstein,* 252 Ga. 149 (311 SE2d 818).

Parenthetically, we note we are not confronted with the problem of consideration of defendant's wealth in this case because the trial court in this case awarded a default judgment to Parrish in the amount prayed for, and there is no indication or basis to speculate the trial court considered the worldly circumstances of this defendant.

We conclude that Parrish may recover for his wounded feelings caused by Brunswick's *wilful* tort though incidentally accompanied in fact by other injury, where he did not claim damages for such other injury. We hold that § 51-12-6 is not exclusive and therefore does not demand a recovery be sought limited to wounded feelings based upon a wilful tort where optionally plaintiff could recover for his wounded feelings accompanied by other injury if defendant had been merely negligent (*Westview Cemetery v. Blanchard,* supra, p. 544; *Montega Corp. v. Hazelrigs,* supra) and under OCGA § 51-12-5. The option properly should rest with the plaintiff.

*Judgment affirmed. Banke, C. J., and Sognier, J., concur.*

### ON MOTION FOR REHEARING.

1. Appellant contends the plaintiff sought "compensatory damages" in his complaint (i.e., sought damages for other injury than injury to feelings). The plaintiff alleged his metal gas container had been wilfully converted, and that this "resulted in plaintiff's peace, happiness and feelings being violated." He prayed generally for "compensatory, nominal, aggravating [sic] and additional damages in the amount of $10,000," but he showed no basis for compensatory damages for conversion of the container (*Morgan v. Black,* 86 Ga. App. 775 (72 SE2d 558)) and sought nothing for the value of the can or its physical loss; and he was expressly awarded damages for injury to his feelings upon a finding that that was the sole injury.

2. The defendant, still toiling earnestly to make sense of the statute, compels us now to say outright that it is a badly written statute. It is of uncertain origin and even in Georgia has remained "substantially undefined," (*Hodges v. Youmans,* supra, p. 486; and see *Chapman v. Western Union Tel. Co.,* 88 Ga. 763, 774-775 (15 SE 901)); and has caused nothing but confusion. There never has been an attempt to reconcile it with the fact that damages for wounded feelings are recoverable with or without other injury under other Georgia law. If the statute was an attempt merely to provide a special recovery (including consideration of defendant's wealth) in a case involving only wounded feelings (see *Central R. Co.,* supra, p. 712), it failed insofar as it implies there is a *cause of action* for wounded feelings

*only* if there is no other injury in the case. See *Westview Cemetery*, supra at 544; *Chapman,* supra at 775.

3. The provision allowing consideration of the parties' "worldly circumstances," which we found not to be in issue in this case, is the worst problem. We *did not hold* that the plaintiff can inquire into defendant's worldly circumstances in cases where the alleged tort resulted in injury to person or property. Because a provision for consideration of defendant's worldly circumstances exists in Georgia only in this statute, it is allowed only where the entire injury is to peace, happiness or feelings. If there are other compensable injuries and the plaintiff opts to forego compensatory damages and recover only for wounded feelings, he is not entitled to a consideration of defendant's wealth.

In *Wilson v. McLendon,* 225 Ga. 119 (166 SE2d 345), the Supreme Court said this provision is a punitive measure designed to deter gross misconduct by making a defendant "smart" according to his wealth. But the case did not attempt to reconcile that explanation. The statute requires us to say that if a defendant wilfully hurts a plaintiff's feelings, he will be punished according to his wealth; but if he wilfully hurts the plaintiff's feelings, burns down his house, and puts out his eye, the defendant's wealth is safe. This is indefensible. The provision probably should appear, if at all, in the punitive damages statute with regard to all wilful torts of aggravating circumstances. See Justice Hill's dissent, *Westview Cemetery* at p. 548.

*Motion for rehearing denied.*

DECIDED MAY 30, 1986 —
REHEARING DENIED JUNE 25, 1986 — ▮▮▮▮▮▮

*John E. Bumgartner,* for appellant.
*Stephen L. Berry,* for appellee.