### 21972. CAVENDAR et al. v. EVANS.

QUILLIAN, Justice. Jackson C. Cavendar and Ollie W. Cavendar filed their petition for letters of administration for the estate of Mrs. Alice Cavendar, deceased, in the Whitfield Court of Ordinary. To the petition, Mrs. Eugene Evans filed a caveat alleging that she was the deceased's guardian and under the provisions of *Code Ann.* § 49-316 (Ga. L. 1858, p. 57; Ga. L. 1958, p. 377) was automatically, by operation of law, the administratrix of the estate. The caveat was overruled by the ordinary to which appeal was taken to the Whitfield Superior Court. Thereafter, the petitioners filed a "response to the caveat" alleging that *Code Ann.* § 49-316, supra, violated Art. I, Sec. I, Par. III (*Code Ann.* § 2-103) and Art. III, Sec. VII, Par. XVI (*Code Ann.* § 2-1916) of the Georgia Constitution, and that for stated reasons Mrs. Evans was not a proper person to be appointed administratrix. The caveatrix filed her general demurrer to the styled "response to the caveat." After a hearing and argument, the trial judge entered an order sustaining the demurrer and dismissing the response. To this ruling the petitioners excepted and assign error. *Held:*

*Code Ann.* § 6-701 (Ga. L. 1890-1, p. 82; Ga. L. 1946, pp. 726, 730; Ga. L. 1953, Nov. Sess., pp. 440, 455; Ga. L. 1957, pp. 224, 230) provides that no cause shall be carried to this court while the same is pending in the court below, unless the decision or judgment complained of, if it had been rendered as claimed by the plaintiff in error, would have been a final

disposition of the cause or final as to some material party. Here it is obvious that, regardless of what disposition was made by the ruling complained of, the petition for letters of administration and the caveat thereto remained to be tried. Analogous to the case of striking a plea or answer, the cause is left pending and no final adjudication is made by the order passing upon the sufficiency of the response to the caveat. It is well settled that such order is not a final disposition under the contemplation of *Code Ann.* § 6-701, supra, which may be brought to this court by writ of error. *Ryals v. Atlantic Life Ins. Co.*, 181 Ga. 843 (184 SE 698); *Evans v. Evans*, 197 Ga. 187 (28 SE2d 579); *Bowman v. Poole*, 212 Ga. 697 (95 SE2d 375); *Shaw v. Miller*, 214 Ga. 225 (104 SE2d 128).

*Bill of exceptions dismissed. All the Justices concur.*

ARGUED MARCH 11, 1963—DECIDED MARCH 25, 1963.

*Pittman & Kinney, L. Hugh Kemp,* for plaintiffs in error.
*Mitchell & Mitchell,* contra.