22222. CAVENDER et al. v. EVANS, Administratrix.

Submitted October 15, 1963—Decided November 12, 1963.

*Pittman & Kinney*, for plaintiffs in error.

*Mitchell & Mitchell, D. W. Mitchell, Jr.*, contra.

Grice, Justice. Attacks upon the constitutionality of *Code* § 49-316, as amended by Ga. L. 1958, p. 377, which provides that upon the death of a ward his guardian becomes his administrator, are for determination here. It is urged that such provision violates the guaranty of due process (Art. I, Sec. I, Par. III; *Code Ann.* § 2-103) and also the prohibition against amendment or repeal by mere reference to title or section (Art. III, Sec. VII, Par. XVI; *Code Ann.* § 2-1916) of the Georgia Constitution.

These issues arose in a contest for letters of administration of the estate of Mrs. Alice Cavender, deceased, between her guardian, Mrs. Eugene Evans, and certain of her next of kin, Jackson C. Cavender and Ollie W. Cavender.

In a prior appearance of this case before this court, *Cavendar v. Evans*, 218 Ga. 739 (130 SE2d 717), it was recited that in answer to the next of kin's petition for letters of administration, filed in the Court of Ordinary of Whitfield County, the deceased's

guardian filed a caveat which alleged that under *Code Ann.* § 49-316, she was, by operation of law, the administratrix of the estate; that this caveat was overruled by the court of ordinary; that an appeal was taken to the superior court of that county, where the next of kin filed a response to the guardian's caveat, alleging that *Code Ann.* § 49-316, supra, violated certain provisions of the State Constitution and that for stated reasons the guardian was not a proper person to be appointed administratrix; that the guardian interposed a general demurrer to such response; and that the trial court sustained the guardian's demurrer and dismissed the response, to which ruling the next of kin excepted and assigned error. This court held that the ruling as to the response was not reviewable since, regardless of it, the petition for letters of administration and the caveat thereto remained to be tried, and it accordingly dismissed the writ of error.

Upon return of the case to Whitfield Superior Court, the next of kin filed a new response to the guardian's caveat, making the same constitutional attacks upon *Code Ann.* § 49-316, supra, besides setting forth other grounds of objection to the guardian's appointment, not insisted upon here. The parties stipulated the material facts. The guardian filed a motion for summary judgment, with affidavits in support thereof.

Thereupon, the trial court sustained an oral motion to strike and dismissed the response to the caveat, granted the motion for summary judgment, declared the caveat to be valid, reversed the judgment of the court of ordinary, and adjudged that the guardian, by virtue of *Code Ann.* § 49-316, supra, was the duly qualified and permanent administratrix of the estate of the deceased. Error is assigned here upon that judgment.

Counsel for the next of kin, in their briefs, abandon other contentions made in the pleadings, leaving for our determination only the constitutional attacks upon *Code Ann.* § 49-316, supra. That section is as follows: "When a ward shall die intestate, the guardian shall proceed to distribute his estate in the same manner as if he had been appointed administrator upon such estate, and the sureties on his bond shall be responsible for his faithful administration and distribution of such estate."

■ We first test this provision against the attack that it violates the due process guaranty of the Georgia Constitution (Art. I, Sec. I, Par. III; *Code Ann.* § 2-103). It is insisted that it deprives the next of kin, as the owners of the assets of the estate, of the right to manage and control their property; that it only requires the guardian to distribute the estate, not to perform the duties of administrator, such as ·collecting and preserving its assets; that the bond executed by the guardian does not cover her acts as administratrix; and that it places their property in the hands of a person less likely to preserve it than an administrator selected by a majority of the heirs under *Code* § 113-1202 (3).

It is within the power of the legislative branch of the State government to determine where the management and control of estates of decedents shall be vested, giving due consideration to all the factors involved, including the likelihood of their preservation. "The right of particular persons or classes of persons to act as administrator of a decedent's estate is controlled entirely by statute." 21 Am. Jur. 407, Executors and Administrators, § 60. "The right to letters of administration is statutory, not inherent, and is a valuable right, which may be given or withheld in the wisdom of the legislature." 33 CJS 921, Executors and Administrators, § 31.

The function of our *Code* § 49-316 was stated in *Payne v. Home Savings Bank,* 193 Ga. 406 (18 SE2d 770, 140 ALR 1397), decided prior to Ga. L. 1958, p. 377, which deleted the words "pending his minority." There, this court said: "This section was codified from the Act of 1858, and from its provisions it is clear that the legislature did not intend that, upon the death of the ward during minority, there should be a separate proceeding with an order of appointment from the ordinary. That is not required. The statute operates automatically. *When the ward dies intestate during minority, the guardian ipso facto takes on the character of an administrator or becomes ex-officio administrator, acting under the bond originally given;* and the only duty thereafter required of him is administration of the estate, which after payment of debts would include distribution among those entitled under the laws of inheritance to receive the estate." (P. 408). (Emphasis ours.)

Under this provision, as amended, upon the death of the ward his guardian becomes his administrator, with the duties and liabilities of an administrator, and is subject to our statutes with reference to the administration of estates. Heirs of the decedent have the same protection against improper administration that they would have with an administrator chosen under *Code* § 113-1202 (3). The bond originally given as guardian covers the guardian's acts as administrator.

Therefore, *Code Ann.* § 49-316 does not, for any reason here advanced, violate the constitutional guaranty of due process.

■ The second ground of attack, that this provision offends the constitutional prohibition against amendment or repeal by mere reference to title or section (Art. III, Sec. VII, Par. XVI; *Code Ann.* § 2-1916), is likewise without merit.

It is contended that the 1958 Act (Ga. L. 1958, p. 377) purports to amend and repeal *Code* § 113-1202 (3) and Ga. L. 1858, p. 57, without describing them, or any other law, or reciting the alteration to be made.

As far as *Code* § 113-1202 (3) is concerned, the 1958 Act is silent. That Act does not refer to that Code section or in any manner purport to amend or repeal it.

As to the 1858 Act, it had become § 49-316 of the Code of 1933. The 1958 Act stated that it was an act to "amend Code section 49-316, relating to the guardian acting as administrator of the estate of his ward . . ." and that the alteration to be made was "to strike certain provisions limiting this authority to guardians of wards who die intestate pending their minority," thus complying with the constitutional provision it is said to violate.

For the foregoing reasons, it is our view that *Code* § 49-316, as amended by Ga. L. 1958, p. 377, is not subject to the constitutional attacks here made. Accordingly, the judgment is

*Affirmed. All the Justices concur.*