### 53246. AETNA FINANCE COMPANY v. PAIR.

DEEN, Presiding Judge.

1. The appellee, plaintiff in the trial court, filed an action for damages for malicious abuse of process against Aetna Finance Co. The defendant made no appearance. The plaintiff, in a trial before a jury, was awarded compensatory and punitive damages, on January 19, 1976. A motion to set aside the judgment, denominated a complaint in equity, was filed on May 5, 1976, and subsequently dismissed on motion. From this latter judgment the defendant appealed to this court. The appellee has filed a motion to transfer the case to the Supreme Court on authority of *Newman v. Greer,* 131 Ga. App. 128 (205 SE2d 486) and like cases holding that jurisdiction of bad as well as good equity cases is in the Supreme Court, under the provisions of Code § 37-220. But Aetna Finance Co. has not alleged any facts putting itself within the ambit of equity jurisdiction. It does not claim to have a good defense of which it was ignorant at the time, or that it was prevented from making its defense because of fraud or other act of the adverse party unmixed with negligence on its own part. It alleges that failure to file defenses was due to "accident, mistake and oversight" on the part of its own agents, and that "through error and oversight . . . no defensive pleadings were filed." This raises no claim to equity jurisdiction such as to justify a transfer of this appeal to the Supreme Court, since it must be shown, among other things, that failure to enter a defense was not due to any negligence or fault on the part of the complainant. *Russell v. Hoge,* 217 Ga. 814 (125 SE 2d 648); Code § 81A-160 (e). Here the appellee's agent for

service in the original case was properly served, forwarded the suit papers which were received by its general counsel and sent on by ordinary mail to its insurer. It received no reply and made no follow-up, but rested on the assumption that the insurer would take care of the matter. For unexplained reasons nothing further was done, no defense was filed, and the default judgment was eventually entered up.

2. Under Code § 81A-105 (a) failure to appear and file pleadings in an action constitutes a waiver of notice of the time and place of trial. See *Newell Road Bldrs. v. Ramirez,* 126 Ga. App. 850 (192 SE2d 184). It follows that the failure to give a 20-day notice of the trial date as allegedly required by a local court rule would not be a ground for setting aside the original judgment. Although it was stated in *Tallman Pools of Ga., Inc. v. Napier,* 137 Ga. App. 500 (224 SE2d 426), quoting *Wilkes v. Ricks,* 126 Ga. App. 266 (190 SE2d 603), that a default judgment cannot be entered for the plaintiff without the requisite notice of trial assignment to the defaulting defendant, examination of these cases shows that there was in fact an appearance by the defendant in each of them along with the filing of pleadings, from which it follows that they are not authority to the contrary.

Since the petition shows on its face that the defendant's failure to appear and plead in the original case was a result of its neglect and oversight, it was not error to dismiss the complaint seeking to set aside the default judgment.

*Judgment affirmed. Webb and Marshall, JJ., concur.*

ARGUED JANUARY 6, 1977 — DECIDED JANUARY 25, 1977 — REHEARING DENIED FEBRUARY 9, 1977 —

*Lewis N. Jones, Freeman & Hawkins, Alan F. Herman, J. Bruce Welch,* for appellant.

*Harland, Cashin, Chambers, Davis & Doster, Harry L. Cashin, Jr., Thomas J. Venker,* for appellee.