38065. ALLSTATE INSURANCE COMPANY et al. v.
TRAVELERS INSURANCE COMPANY et al.
38066. COCHRAN et al. v. LEVITZ FURNITURE COMPANY
OF THE EASTERN REGION.

SMITH, Justice.

Appellants, Evelyn Cochran and Allstate Insurance Company, obtained a default judgment against Levitz Furniture Company on December 3, 1980. During the next term of court, on January 28, 1981, Levitz filed a motion to open default and an out of time motion for new trial. On the same date, Levitz and Travelers Insurance Company filed a complaint in equity to set aside the default judgment. After hearing, the trial court granted the motion to open

default and the motion for new trial, and found in favor of Levitz and Travelers on their complaint in equity. The parties were ordered to proceed to trial on the merits.

In Case No. 38065, Cochran and Allstate appeal from the judgment of the complaint in equity. In Case No. 38066, Cochran and Allstate appeal from the grant of appellees' motion for new trial and motion to open the default. We reverse.

1. Appellees have moved to dismiss both appeals. They argue that the trial court's order opening default and granting the motion for new trial is not a final order and therefore not appealable absent a certificate of immediate review, which appellants did not acquire. Therefore, say appellees, the appeal in Case No. 38066 must be dismissed. Appellees then argue that with the appeal in Case No. 38066 dismissed, the case must be tried on its merits regardless of the outcome of the appeal in Case No. 38065. Thus, the latter appeal would be moot and would also have to be dismissed. We disagree.

The policy of the Appellate Practice Act is against multiple appeals and piecemeal litigation. *Executive Jet Sales v. Jet America,* 242 Ga. 307 (248 SE2d 676) (1978); Code Ann. § 6-905. Code Ann. § 6-701 (b) states in part: "Where an appeal is taken under any provision of paragraph (a) above, all judgments, rulings or orders rendered in the case which are raised on appeal, and which may affect the proceedings below, shall be reviewed and determined by the appellate court, without regard to the appealability of such judgment, ruling or order standing alone, and without regard to whether the judgment, ruling or order appealed from was final, or was appealable by some other express provision of law contained in parágraph (a) above, or elsewhere."

Appellees do not dispute that the judgment of the complaint in equity is a final judgment and thus appealable pursuant to Code Ann. § 6-701 (a)(1). Both appeals in this case emanate from the same court, involve the same parties, and pertain to the same default judgment. We conclude that appellees' motion to dismiss should be denied.

2. "A complaint in equity may be brought to set aside a judgment for fraud, accident, or mistake, or the acts of the adverse party unmixed with the negligence or fault of the complainant. Code Ann. § 81A-160 (e) (see former Code §§ 37-219, 110-710). The phrase 'unmixed with the negligence or fault of the complainant' modifies the words 'fraud, accident or mistake' as well as the words 'acts of the adverse party.' *Marshall v. Livingston,* 77 Ga. 21, 28 (1886)." *Leventhal v. C & S Nat. Bank,* 249 Ga. 390, 391 (291 SE2d 222) (1982).

In this case, appellants, as plaintiffs below, properly served the complaint on Levitz' registered agent for service of process in Georgia. The agent mailed the complaint to the associate general

counsel for Levitz in Miami, Florida, Edward Zimmer. Zimmer mailed the complaint to Amercon, an insurance broker. Amercon mailed the complaint to Travelers in Atlanta. The complaint was either lost in the mails and never reached Travelers, or was misplaced by Travelers. In any event, Travelers has no record of having ever received the complaint. Travelers failed to file an answer on Levitz' behalf.

The evidence is undisputed that no one at Levitz made any effort at all to see that an answer was filed. It is therefore clear that the "accident or mistake" was *not* "unmixed with the negligence or fault of the complainant." The trial court erred in ruling in favor of appellees on their complaint in equity. *Aetna Finance Co. v. Pair,* 141 Ga. App. 243 (233 SE2d 218) (1977).

3. The trial court erred in opening the default pursuant to Code Ann. § 81A-155 after final judgment was rendered. By its clear terms, Code Ann. § 81A-155 provides for the opening of default *before* final judgment is rendered. *John M. Murray Constr. Co. v. Tuxedo Plumbing &c. Co.,* 149 Ga. App. 101 (253 SE2d 465) (1979).

4. The trial court erred in granting appellees' motion for new trial. "A motion for new trial must be predicated upon some extrinsic defect which does not appear upon the face of the record or pleadings." Code Ann. § 81A-160 (c). Appellees have shown no extrinsic defect — only their own negligence.

*Judgment reversed. All the Justices concur, except Jordan, C. J., Marshall and Weltner, JJ., who dissent.*

DECIDED MAY 19, 1982—
REHEARING DENIED JUNE 22, 1982.

*Dennis, Corry, Webb, Carlock & Williams, Robert C. Semler, Diane Q. House,* for appellants.
*Oliver B. Dickins, Jr., & Associates, Brian F. Dorsey,* for appellees.