## 38774. COX v. KIRKLAND.

JORDAN, Chief Justice.

The appeal is from judgment, entered in a suit in equity filed pursuant to Code Ann. § 81A-160 (e), setting aside, on the ground of fraud of one party unmixed with negligence of the other, a money judgment obtained in a previous action.

In the previous action, Billie Cox sued B. M. Kirkland in the State Court of Muscogee County alleging that Kirkland was doing business as Piggly Wiggly No. 24 at 3115 North Expressway,

Columbus, Muscogee County, Georgia. In fact, Kirkland was not doing business by that designation or at that address but was doing business as Piggly Wiggly No. 4 at 1165 27th Street, Columbus, Muscogee County, Georgia.

When Kirkland was served by the deputy sheriff at the 27th Street address, he advised the deputy that he was not affiliated with the store designated in the complaint and was informed by the deputy that he should contact James A. Elkins, Jr., attorney for Billie Cox. Kirkland immediately telephoned Elkins' law firm, and explained the foregoing facts to the office secretary, Mrs. Elkins, because of Elkins' absence from the office. He gave Mrs. Elkins the name of the owner of store No. 24.

Mrs. Elkins advised Kirkland she would "handle it." She passed the message on to her employer-husband, Elkins, by a telephone message slip, and also told him of her conversation with Kirkland. Elkins, as attorney for Billie Cox, thus was aware of Kirkland's message and his employee-wife's response before Kirkland's answer in the first action was due to be filed.

Additionally, as Kirkland had done before when sued in past years for matters relating to his grocery business, he immediately notified his insurance agent, who thereafter told Kirkland that his insurance company could not handle the matter because store No. 24 was not his company's insured. Upon being told that his insurance company could not handle the claim, Kirkland called the insurance agent for the owner of store No. 24 and gave him all the foregoing information.

Relying upon Mrs. Elkins' representation that she would "handle it" and upon the fact that he had notified both insurance agents, Kirkland did not obtain legal counsel and answer the complaint. When Kirkland thereafter was informed by Elkins by letter that he must pay the $5,000 judgment obtained against him or that other means of collection would be utilized, Kirkland hired counsel, who filed in the Superior Court of Muscogee County the present action to set aside the money judgment obtained in state court.

Billie Cox appeals from the judgment of the superior court setting aside the state court judgment.

1. The present case must be distinguished from *Cochran v. Levitz Furniture Co.,* 249 Ga. 504 (291 SE2d 535) (1982). *Cochran* does not stand for the proposition that a defendant is negligent within the meaning of Code Ann. § 81A-160 (e) unless he personally assures himself that defensive pleadings timely are being filed in his behalf. The decisional basis of *Cochran* was that "no one at Levitz made *any effort at all* to see that an answer was filed." (Emphasis

supplied.) *Cochran,* supra, 249 Ga. at 506.

On several previous occasions, Kirkland had been sued in connection with his grocery operations. Never before had his personally furnishing to the store's insurance agent actual knowledge of the event of suit been insufficient to assure a proper defense. To require him, in effect, to have checked the court's docket for defensive pleadings timely being filed in his behalf would be to require him to be familiar with the mechanisms of the law, a proposition which successfully refutes itself. The efforts made by Kirkland to assure a timely disposition of or defense to the claim were reasonable in the circumstances. Hence, we must inquire as to whether the actions of Billie Cox through her attorney amounted to fraud within the meaning of Code Ann. § 81A-160 (e).

2. "Fraud" within the meaning of Code Ann. § 81A-160 (e) was practiced upon Kirkland by Billie Cox through the actions of her attorney Elkins, who was aware of his employee-wife's representation to Kirkland that she would "handle" the matter of the action's having been filed against the wrong person, but who nonetheless pursued the claim of Billie Cox to judgment and sought to enforce the judgment by legal process. *Property Pickup, Inc. v. Morgan,* 249 Ga. 239 (290 SE2d 52) (1982); *Branton v. Gulf Life Employees' Federal Credit Union,* 244 Ga. 528 (260 SE2d 905) (1979); *Wilkerson v. Helena Chemical Co.,* 239 Ga. 271 (236 SE2d 620) (1977); *McGinnis v. Scheer,* 182 Ga. 684 (186 SE 804) (1936); *Beverly v. Flesenthall Bros.,* 142 Ga. 834 (83 SE 942) (1914).

3. Kirkland had a good defense to Cox's claim in the state court which he was prevented from making by the fraud of Cox, the adverse party, unmixed with negligence on his part. Code Ann. §§ 81A-160 (e) and 37-220; *Cooper v. Mesh,* 247 Ga. 82, 83 (1) (274 SE2d 335) (1981). Hence, the superior court did not err by setting aside the judgment of the state court.

*Judgment affirmed. All the Justices concur.*

Decided September 9, 1982.

*Elkins & Flournoy, Richard C. Hagler,* for appellant.

*Lee R. Grogan, Porter, Davis, Saunders & Churchill, Steve J. Davis,* for appellee.