## A04A0856. BURCH et al. v. DINES.

(600 SE2d 374)

PHIPPS, Judge.

Donald Dines obtained a default judgment against "David Cass Burch and his wife Shirley Burch, d/b/a Cass Burch Chrysler Plymouth Dodge Jeep," in the Superior Court of Brooks County. We granted the Burches' application for discretionary appeal of orders of the superior court denying their motions for relief from the default judgment and for recusal of the judge. Finding no abuse of discretion or error, we affirm.

David Cass Burch and his wife operate Cass Burch Chrysler Plymouth Dodge Jeep in Brooks County. They, however, reside in Lowndes County, and the dealership is owned by a corporation in which the Burches are shareholders. In March 2002, Dines purchased a Dodge truck and optional warranty from the dealership. Before Dines bought the truck, Burch agreed to install an after-market device known as a boost box that is intended to enhance the performance of the engine. Dines claims that when he later took the truck in for repairs at other dealerships, he was informed that installation of the boost box had voided his warranty.

As a result, Dines brought this suit against the Burches in their individual capacities, d/b/a the Chrysler dealership, complaining of fraud and breach of contract, among other things. The Burches were served by delivery of copies of the summons and complaint to one of the dealership's employees in Brooks County. The employee was not, however, an agent of the Burches authorized to receive service of process. Burch testified that instead of answering the complaint, he attempted to resolve the matter by telephoning Dines's attorney and showing that the warranty was still in effect. Burch faxed the attorney a computer-generated report from the manufacturer verifying that the warranty was in force. According to Burch, counsel agreed to get back in touch with him if that did not clear up the problem. According to Dines's attorney, Burch simply claimed during the telephone conversation that he had not installed the after-market

part. Dines's attorney denied that he had suggested to Burch "in any way, shape or form" that they were not going to proceed with the suit.

Based on the Burches' failure to answer the complaint, Dines's attorney subsequently moved for a hearing on unliquidated damages and entry of a default judgment. Notice of the hearing was mailed to the Burches about a week in advance. But they did not open the letter until after the court had conducted the hearing and entered default judgment awarding Dines $50,000 in damages. As a condition to his receipt of damages, the judgment required Dines to return the truck to the Burches.

After entry of the default judgment, the Burches, through counsel, filed a motion to set aside the judgment, open the default, or for new trial. In the motion, the Burches charged Dines with fraud in pursuing a breach-of-warranty claim with knowledge that the warranty had not been breached; they charged Dines's attorney with fraud in obtaining a default judgment after leading Burch to believe that he would get back in touch with him if there was a problem with the warranty. The Burches also sought to open the default by filing an answer raising meritorious defenses. Among other things, the Burches asserted that the corporation that owns the dealership was the proper party defendant. After conducting a hearing, the court denied the Burches' motion.

About two weeks later, the Burches filed a motion for reconsideration, or for a new trial based on newly discovered evidence showing a conflict of interest by the trial judge. The Burches also filed a motion to recuse the judge. The recusal motion was supported by an affidavit in which the Burches' attorney averred that very shortly after entry of the order denying their motion for relief from the default judgment, Burch had informed counsel that about two weeks earlier he had received a telephone call from an individual who identified himself as the judge's nephew. According to Burch, the telephone caller said that the judge had informed him that Burch's Chrysler dealership was running an ad showing the judge's sister's (i.e., his nephew's mother's) home, and that the judge had suggested that he contact Burch. After filing the motion for reconsideration, the Burches also amended their answer to assert as additional defenses lack of venue (because they are residents of Lowndes County) and insufficient service of process (because they were not personally or otherwise properly served). After holding another hearing, the court denied the motion for reconsideration and the recusal motion.

1. Dines has moved to dismiss this appeal on the ground that the notice of appeal was not timely filed. Dines's motion to dismiss is denied. Although the filing of a motion for reconsideration does not extend the 30-day period within which a notice of appeal from entry

of an appealable judgment must be filed,[1] in this case the notice of appeal was filed within 30 days of entry of both the order denying the Burches' motion to set aside the default judgment and the order denying their motion for reconsideration.

2. The Burches contend that the trial court erred in not setting aside the default judgment under OCGA § 9-11-60 (d) (1) based on lack of personal jurisdiction due to improper venue in Brooks County[2] and insufficient service of process under OCGA § 9-11-4 (e) (7).[3]

Under OCGA § 9-11-60 (d) (1), a motion to set aside a judgment may be based upon lack of jurisdiction over the person or the subject matter. Under OCGA § 9-11-60 (f), a judgment void because of lack of jurisdiction of the person or subject matter may be attacked at any time. Lack of jurisdiction of the person usually arises from one of two defects: invalidity of service or faulty venue.[4] Invalidity of service and faulty venue are, however, waivable defects.[5] In fact, under OCGA § 9-11-12 (h) (1) (B), a defense of lack of jurisdiction over the person, improper venue, insufficiency of process, or insufficiency of service of process is waived if it is neither made by motion under OCGA § 9-11-12 nor included in a responsive pleading, "as originally filed." In their motions for relief from the default judgment, and in their initial responsive pleading, the Burches pled to the merits of this case without raising any defense of improper venue or insufficient service of process. Consequently, the trial court was authorized to find that these defenses were waived.[6]

3. The Burches contend that the trial court erred in not setting aside the default judgment under OCGA § 9-11-60 (d) (2). Under that

---

[1] See OCGA § 5-6-38 (a).

[2] *Holt v. Scott*, 226 Ga. App. 812, 813 (1) (487 SE2d 657) (1997) (general rule as to venue is that civil cases shall be tried in county where defendant resides).

[3] *Hudgins v. Bawtinhimer*, 196 Ga. App. 386, 389 (3) (395 SE2d 909) (1990) (service on an employee of defendant at defendant's place of business who is not an agent authorized to receive service of process does not meet clear requirement of OCGA § 9-11-4 (d) (7) (now (e) (7)) that defendant be served personally, or by leaving copies at defendant's dwelling or usual place of abode with person of suitable age and discretion residing therein, or by delivering summons and complaint to agent authorized by appointment or law to receive service of process).

[4] *Cook v. Bright*, 150 Ga. App. 696, 698 (258 SE2d 326) (1979).

[5] *Kiplinger v. Oliver*, 244 Ga. 527, 528 (260 SE2d 904) (1979) (by pleading to merits of case and not raising any defense of lack of personal jurisdiction based on defective process or improper venue, defendant waived any objections under Civil Practice Act); *Barnes v. Continental Ins. Co.*, 231 Ga. 246 (201 SE2d 150) (1973) (judgment void where service insufficient *and there is no waiver of service*); *Thorburn Co. v. Allied Media of Ga.*, 237 Ga. App. 800, 802 (1) (516 SE2d 833) (1999) (insufficient service is a defense which may be waived).

[6] See *Smithson v. Harry Norman, Inc.*, 192 Ga. App. 796 (2) (386 SE2d 546) (1989) (defendant waives defense of lack of personal jurisdiction based on insufficient service of process by moving to open default, pleading an allegedly meritorious defense, and filing an answer which raises no objection to service of process); compare *Focus Healthcare Med. Ctr. v. O'Neal*, 253 Ga. App. 298, 299 (558 SE2d 818) (2002) (where defendant never appeared in the action or responded to the complaint).

Code section, a motion to set aside a judgment may be brought based upon "[f]raud, accident, or mistake or the acts of the adverse party unmixed with the negligence or fault of the movant."

The Burches claim that the default judgment should have been set aside based on the mistake of Dines and his attorney in suing the Burches in their individual capacities rather than suing the corporate owner of the dealership. Dines's decision to sue the Burches individually cannot be characterized as a "mistake" within the meaning of OCGA § 9-11-60 (d) (2).[7] That, instead, was a matter for the Burches to raise in defense of the underlying action.

The Burches charge Dines's attorney with fraud in moving for a default judgment instead of getting back in touch with Burch as he said he would.[8] Based on the testimony of Dines's attorney, however, the trial court was authorized to find that no such communication occurred. And even if it had, arguably the court could have found that any misleading statements by Dines's attorney were mixed with negligence of Burch in failing to comply with the command of the summons that he answer the complaint.[9]

The Burches charge Dines with fraud in recovering $50,000 on a breach-of-warranty claim, because the warranty remained in effect and Dines admitted that he had incurred no more than about $650 in damages. Dines, however, produced evidence that Dodge dealers had refused to perform warranty work on the truck's engine due to installation of the after-market part. It is true that the Burches submitted documentation that Dodge still considered its warranty to be in effect and that warranty work, in fact, had been performed on the *rear* of the truck after its purchase by Dines. But Dines countered the Burches' evidence with the claim that Dodge had issued the warranty documentation without knowledge of the fact that the after-market part had been installed in the *engine*. And although Dines admitted that he had incurred only about $650 in out-of-pocket expenses for repair work to the truck, he testified that he had incurred an additional $36,968 in damages based on the amount of money he had paid the Burches for the truck. Moreover, under the allegations of Dines's complaint, the trial court could have awarded attorney fees and punitive damages as well as actual damages. The evidence did not demand a finding of fraud that would necessitate setting aside the default judgment.

---

[7] See *Robbins v. Nat. Bank of Ga.*, 241 Ga. 538, 543-544 (2) (246 SE2d 660) (1978); *Todd v. Dekle*, 240 Ga. 842, 844 (242 SE2d 613) (1978).

[8] See *Cheuvront v. Carter*, 263 Ga.App. 837 (589 SE2d 609) (2003); see also *Cox v. Kirkland*, 249 Ga. 796 (294 SE2d 514) (1982).

[9] But compare *Cheuvront v. Carter*, supra.

4. It follows that, contrary to arguments advanced by the Burches, the trial court did not manifestly abuse its discretion in refusing to set aside the default judgment based on its inherent power over judgments during the same term of court in which they are rendered.[10]

5. Nor did the court err in denying the motion to recuse, as it was authorized to find that the motion was not timely and did not set forth legally sufficient facts demonstrating any judicial bias, prejudice, or partiality.[11]

*Judgment affirmed. Smith, C. J., and Johnson, P. J., concur.*

DECIDED APRIL 29, 2004 —
RECONSIDERATION DENIED MAY 18, 2004 — ▮▮▮▮▮

*Michael S. Bennett, Sr., James T. Bennett,* for appellants.
*Moser & Terry, Guyton O. Terry,* for appellee.

[10] See *McCoy Lumber Co. v. Garland Lumber Sales,* 182 Ga. App. 75, 76 (354 SE2d 686) (1987).
[11] See *Dodson v. Dean,* 256 Ga. App. 4, 5 (567 SE2d 348) (2002).
[1] In relevant part, OCGA § 16-9-33 (a) provides: