## S12A0590. MAYS v. RANCINE-KINCHEN.
(729 SE2d 321)

BENHAM, Justice.

Appellant A.R. Mays, executor of the estate of decedent Gilbert Henry Kinchen, filed a petition to probate decedent's will, and appellee Katherine Rancine-Kinchen, the decedent's widow, filed a caveat thereto. Appellant moved to dismiss the caveat. In its order resolving the motion to dismiss, the probate court granted the motion to dismiss in part by denying two counts raised by the caveat. The probate court declined to grant the remainder of the motion to dismiss when it allowed three counts of the caveat, which raised issues about a non-testamentary trust agreement that was referenced in the will, to remain pending. Because it concluded that it did not have jurisdiction to resolve the trust agreement issues, the probate court's order transferred those issues to the superior court for resolution. Although it determined that appellee had not shown that the will was "incomplete" and "uncertain," the probate court nevertheless reserved admitting the will to probate until the trust issues were resolved by the superior court. It is from this order that appellant has instituted a direct appeal. Appellee has moved to dismiss the appeal, contending appellant failed to follow the correct appellate procedure.

" 'It is incumbent upon this Court to inquire into its own jurisdiction.' [Cits.]" *Jenkins v. State,* 284 Ga. 642 (1) (670 SE2d 425) (2008). Appellant contends the probate court's order effectively denies the will for probate in solemn form, and, as such, he is entitled to a direct appeal pursuant to OCGA §§ 5-3-2 (b), 15-9-120, and 15-9-123 (a), which are statutes that generally allow appeals to be taken from the probate court. Appellee counters that the trial court's order was interlocutory in nature and, therefore, appellant was required to obtain a certificate of immediate review from the trial court and file an application for appeal pursuant to OCGA § 5-6-34 (b).

"The policy of the Appellate Practice Act is against multiple appeals and piecemeal litigation." *Cochran v. Levitz Furniture Co. of*

*Eastern Region*, 249 Ga. 504, 505 (1) (291 SE2d 535) (1982). Direct appeals are generally authorized from lower court orders that are final, meaning that there are no issues remaining to be resolved in the lower court. OCGA § 5-6-34 (a) (1); *First Christ Holiness Church, Inc. v. Owens Temple First Christ Holiness Church, Inc.*, 282 Ga. 883, 884 (655 SE2d 605) (2008). OCGA § 5-6-34 (a) (9) authorizes a direct appeal from "[a]ll judgments or orders *sustaining motions to dismiss a caveat* to the probate of a will." (Emphasis supplied.) The appealability of an order, however, is ultimately determined by its substance and effect. *First Christ Holiness Church, Inc.*, supra, 282 Ga. at 885; *American Medical Security Group, Inc. v. Parker*, 284 Ga. 102 (4) (663 SE2d 697) (2008). Here, appellant's motion to dismiss was sustained in part when the probate court denied two counts of the caveat. Yet, the probate court's order neither denies the petition to probate, nor finally resolves the caveat. The order has the effect of staying the action until issues concerning the trust agreement are resolved in the superior court. Similar orders which reserve ruling on substantive issues in a case have been determined to be interlocutory in nature. See *Gray v. Springs*, 224 Ga. App. 427 (481 SE2d 3) (1997). See also *Sotter v. Stephens*, 291 Ga. 79 (727 SE2d 484) (2012) (judgment that reserved the calculation of the amount of damages was interlocutory). The partial grant of the motion to dismiss resolved nothing as to the main issue in the case — whether the will is admitted to probate. See *Cavendar v. Evans*, 218 Ga. 739 (130 SE2d 717) (1963) (there was no final appealable order where the caveat and letters of administration remained to be tried). See also *Wise v. Georgia State Bd. for Examination, Qualification and Registration of Architects*, 244 Ga. 449 (260 SE2d 477) (1979) (order sustaining the dismissal of two counts of a complaint was not final; certification and application was required for appellate review). Under these circumstances, interpreting OCGA § 5-6-34 (a) (9) to allow for a direct appeal from a partially sustained motion to dismiss a caveat would result in piecemeal appeals and judicial delays wholly antithetical to the policy of the Appellate Practice Act. See *Bailey v. Bailey*, 266 Ga. 832 (471 SE2d 213) (1996); *Cochran*, supra, 249 Ga. at 505. Therefore, we conclude that OCGA § 5-6-34 (a) (9) does not allow direct appeals from judgments or orders that partially sustain a motion to dismiss a caveat. Because appellant's motion to dismiss the caveat was not fully sustained and because issues remained pending in the probate court, appellant was required to seek review of the order by following the procedures set forth in OCGA § 5-6-34 (b). See *Harley v. Holwell*, 202 Ga. 724 (44 SE2d 896) (1947). See also 1 Redfearn Wills & Administration in Georgia § 6:16 (7th ed. 2011-2012). Since appellant did not follow

those procedures, appellee's motion to dismiss is granted, and the appeal is dismissed. *Geeslin v. Sheftall*, 263 Ga. App. 827 (589 SE2d 601) (2003).

*Appeal dismissed. All the Justices concur.*

DECIDED JUNE 25, 2012.

*Whelchel, Dunlap, Jarrard & Walker, John A. Gram, Bethany S. Magnus*, for appellant.
*Smith, Gilliam, Williams & Miles, John H. Smith, Keith J. Whitaker*, for appellee.