**SECOND DIVISION**
**BARNES, P. J.,**
**MILLER and RAY, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/

October 2, 2013

# In the Court of Appeals of Georgia

A13A1347. ENDOVER PALISADES, LLC v. STUART.

MILLER, Judge.

This case arises from entry of a judgment in favor of Endover Palisades, LLC a/k/a The Palisades at West Paces, Inc. (hereinafter "Palisades") in its suit against William H. Stuart for recovery of past due rent under the parties' commercial lease. Stuart filed a motion to set aside the judgment pursuant to OCGA § 9-11-60 based on lack of personal jurisdiction and fraud. The trial court granted Stuart's motion to set aside, finding that the trial court never acquired personal jurisdiction over Stuart because he was not personally served and his purported counsel was not authorized to accept service on his behalf.

We granted Palisades's application for interlocutory review to consider whether Stuart waived his defense of lack of personal jurisdiction. On appeal,

Palisades contends that in setting aside the judgment the trial court erred in (1) failing to consider whether purported counsel in fact represented him; (2) failing to consider whether Stuart ratified his purported attorney's acts; and (3) concluding that Stuart's delay in filing his motion to set aside was reasonable. For the reasons that follow, we reverse and remand the trial court's ruling.

This Court will not reverse a trial court's ruling on a motion to set aside unless the trial court abused its discretion. See *Barner v. Binkley*, 304 Ga. App. 73, 74 (1) (695 SE2d 398) (2010).

So viewed, the record shows that, in June 2004, Palisades and Stuart entered into multiple lease agreements for medical office space in a building located in Atlanta. Although the leases required payment of a combined monthly rent of $52,356, the parties subsequently stipulated that Stuart would pay a reduced monthly rent of $20,000, contingent on Stuart's purchase of the leased space. The parties further stipulated that Stuart would owe the difference and the payments would revert back to the full rental amount if the sale did not occur.

Stuart surrendered possession of the leased premises in March 2006, and Palisades sued him for unpaid rent. Attorney Edwin M. Ceccarelli filed an acknowledgment of service and answer on Stuart's behalf. Palisades moved for

summary judgment, and Ceccarelli filed an opposition to that motion, including an affidavit purportedly signed by Stuart. The affidavit, which was notarized by Ceccarelli, stated that Stuart had employed Ceccarelli's law firm to represent him in Palisades's suit.

In February 2007, the parties entered into a consent order providing that Stuart was indebted to Palisades in the amount of $677,483.65, without setoff or defense. The order required Stuart to pay the indebtedness in 29 monthly installments with interest, and provided for entry of a judgment against Stuart, as well as issuance of a writ of Fi. Fa. to Palisades in the event of Stuart's default. Ceccarelli entered into the Consent order on Stuart's behalf.

In June 2011, after Stuart failed to make payments in accordance with the consent order, a judgment was entered against him. On November 23, 2011, Stuart moved to set aside the judgment on the grounds of lack of personal jurisdiction and fraud. The trial court granted Stuart's motion, finding that it never acquired personal jurisdiction over Stuart because the undisputed evidence showed that he was not personally served and Ceccarelli was not authorized to accept service on his behalf. The trial court further found that Stuart was not guilty of an unreasonable delay after notice of the judgment.

1. Palisades contends that the trial court erred in failing to consider whether Ceccarelli in fact represented Stuart. We agree.

> Under OCGA § 9-11-60 (d) (1), a motion to set aside a judgment may be based upon lack of jurisdiction over the person or the subject matter. Under OCGA § 9-11-60 (f), a judgment void because of lack of jurisdiction of the person or subject matter may be attacked at any time. Lack of jurisdiction of the person usually arises from one of two defects: invalidity of service or faulty venue. Invalidity of service and faulty venue are, however, waivable defects. In fact, under OCGA § 9-11-12 (h) (1) (B), a defense of lack of jurisdiction over the person, improper venue, insufficiency of process, or insufficiency of service of process is waived if it is neither made by motion under OCGA § 9-11-12 nor included in a responsive pleading, as originally filed.

(Punctuation and footnotes omitted.) *Burch v. Dines*, 267 Ga. App. 459, 461 (2) (600 SE2d 374) (2004).

> When a defendant executes a waiver of service, either personally or through an authorized [attorney], by signing an acknowledgment like the one signed in this case, he is thereafter precluded from complaining because of the absence of service. . . . However, when only the attorney signs the acknowledgment of service, the alleged client is not estopped to contest the authority of the attorney to act in the alleged client's behalf.

(Citations and punctuation omitted.) *Newell v. Brown*, 187 Ga. App. 9, 10-11 (369 SE2d 499) (1988).

> [A]n acknowledgment of service signed by one as attorney for the defendant is prima facie authorized *until the contrary appears*. While *this presumption is [rebuttable]*, . . . the burden is upon the party to show the want of authority in the attorney. It is also true that [a] judgment rendered against a party upon a wholly unauthorized appearance of an attorney, if the act of the attorney be not ratified, will be set aside in a direct proceeding for that purpose, in law or equity, if the party is not guilty of unreasonable delay after notice or knowledge of the judgment. While an acknowledgment of service executed by an attorney in behalf of an alleged client can be traversed and impeached by showing want of authority in the attorney, the acknowledgment of service is of itself evidence of a higher order, and can only be set aside upon evidence which is not only clear and convincing, *but the strongest of which the nature of the case will admit*.

(Citations and punctuation omitted; Emphasis in original.) Id. at 11.

Here, in support of his motion to set aside the judgment, Stuart filed a contemporaneous affidavit stating that Ceccarelli represented former business associates. Stuart also stated that he never retained or asked Ceccarelli to represent him in Palisades's suit; he had no knowledge of and did not sign the affidavit stating that he authorized Ceccarelli to act as his counsel; he never authorized Ceccarelli to

5

accept service of Palisades's lawsuit on his behalf; and he never authorized Ceccarelli to enter into the consent order. Stuart further averred that he had no knowledge of the lawsuit and resulting consent order until early 2011.

Ceccarelli filed a responsive affidavit disputing Stuart's disclaimer of authority. Notably, Ceccarelli stated that he discussed the Palisades's lawsuit with Stuart via telephone in 2006, and during the course of that telephone call Stuart expressly requested his representation in that suit. Ceccarelli further averred that he responded to Palisades's motion for summary judgment in accordance with Stuart's instructions, and Stuart directed him to execute the consent order.

As direct evidence in rebuttal to Stuart's disclaimer of Ceccarelli's authority, Palisades offered an affidavit that was purportedly signed by Stuart in August 2006. The purported affidavit stated that Stuart had employed Ceccarelli's law firm to defend him in Palisades' suit for unpaid rent. Palisades also offered circumstantial rebuttal evidence, including a September 2006 memorandum from Stuart to his former business associate. The memorandum set forth special terms that Stuart had agreed to in settlement of the rent he owed on the leases, and stated that he agreed to those terms in June 2006, a month after Palisades filed the lawsuit. Moreover, the

6

memorandum's proposed payment terms were nearly identical to the proposed settlement terms Ceccarelli set out in an August 2006 letter to Palisades's counsel.

Palisades also offered a May 2011 notice of appearance of counsel for Stuart in rebuttal to his disclaimer of Ceccarelli's authority. A copy of the notice of appearance was served on Ceccarelli and the notice made no mention of any potential defect in the trial court's jurisdiction or Ceccarelli's allegedly unauthorized representation.

Based on the foregoing, the record shows that the parties presented conflicting evidence on the issue of whether Ceccarelli was authorized to represent Stuart when Ceccarelli filed an answer on Stuart's behalf which did not challenge the trial court's jurisdiction over Stuart. If Ceccarelli was in fact representing Stuart at the time he filed the answer, then Stuart's insufficient service defense was waived. See *Hall v. Nelson*, 282 Ga. 441 (1) (651 SE2d 72) (2007) (defense of insufficient service is waived unless raised in answer or by motion filed before or simultaneously with answer); see also *Burch*, supra, 267 Ga. App. at 461 (2).

In granting Stuart's motion to set aside the judgment under OCGA § 9-11-60 (d), the trial court stated:

> While there are many disputed points of fact, there is one that is uncontested. . . . [Stuart] specifically denies that Mr. Ceccarelli was ever authorized to accept service on his behalf. Mr. Ceccarelli's affidavit is silent on this point. Absent evidence that Mr. Ceccarelli was in fact authorized to acknowledge service on [Stuart's] behalf, there is no contested issue to resolve on the issue of service. Notwithstanding issues of representation and other issues that fall away, it is undisputed that [Stuart] was not served personally and it appears undisputed that Mr. Ceccarelli was not authorized to accept service on [Stuart's] behalf.

The trial court's order clearly noted that there were disputed points of fact with regard to whether Ceccarelli's representation of Stuart was authorized; however, the trial court did not resolve this factual dispute.

Before the trial court could set aside the judgment under OCGA § 9-11-60 (d) for lack of personal jurisdiction based on insufficient service, the trial court had to make a determination of whether that defense was waived when Ceccarelli filed the answer on Stuart's behalf without raising that defense. See *Hall*, supra, 282 Ga. at 441 (1). If Ceccarelli was authorized to represent Stuart when the answer was filed, then Stuart's insufficient-service defense must be deemed waived. See *Smith v. Local Union No. 1863, Intl. Longshoremen's Assn. of Clerks*, 260 Ga. App. 683, 687 (4) (580 SE2d 566) (2003) (holding that attorney's acts within scope of his authority are

8

binding on client). Since a determination of whether Ceccarelli was authorized to represent Stuart was a necessary prerequisite to the trial court's determination that it lacked personal jurisdiction over Stuart, we reverse the trial court's judgment and remand this case for the trial court to make this determination.

2. Because we have reversed the judgment of the trial court, we need not address Palisades's remaining enumerations of error.

*Judgment reversed and remanded. Barnes, P. J., and Ray, J., concur.*