# Court of Appeals
# of the State of Georgia

ATLANTA,___August 05, 2015_____

*The Court of Appeals hereby passes the following order:*

**A15A2195.  IN RE: THE ESTATE OF WESTON D. BAXTER, DECEASED.**

Taylor L. Baxter filed this direct appeal from the probate court's order ruling that the executor of Weston D. Baxter's estate may compromise the claim of the deceased's ex-wife. "Direct appeals are generally authorized from lower court orders that are final, meaning that there are no issues remaining to be resolved in the lower court." *Mays v. Rancine-Kinchen*, 291 Ga. 283, 284 (729 SE2d 321) (2012).  Here, however, the probate court's order also denied the executor's request to approve a final settlement of the estate and ruled that it would "entertain [a global settlement agreement] at a future date."  Accordingly, the order is interlocutory, as it leaves matters pending below.  Baxter was required to follow the interlocutory appeal procedures of OCGA § 5-6-34 (b) to obtain review at this juncture.  See *Mays*, supra; *Brandy v. Elmo*, 280 Ga. 221, 222 (626 SE2d 505) (2006).  Baxter's failure to do so deprives us of jurisdiction over this direct appeal, which is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,_____*08/05/2015_____
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____, *Clerk.*