# Court of Appeals
# of the State of Georgia

ATLANTA,  April 25, 2019

*The Court of Appeals hereby passes the following order:*

## A19A1662.  GEOFFREY L. GRAY v. JAMES BARROW HOLLOWAY, SR.

In August 2016, plaintiffs Geoffrey L. Gray and Griffin Stephen Stocks, III, filed a complaint seeking various forms of equitable relief, including the appointment of a receiver for two defendant corporations. Shortly thereafter, the trial court entered an order appointing a temporary receiver and imposing a temporary restraining order ("TRO"), and it subsequently entered another order extending the TRO "indefinitely."

In September 2016, defendant James Barrow Holloway, Sr., filed a motion seeking to (1) dismiss the complaint for failure to add an indispensable party (Stephen G. Bacon, Jr.); (2) alternatively, add Bacon as a party-defendant; (3) dissolve the TRO; and (4) disqualify the receiver. The trial court did not immediately rule on this motion.

In August 2017, the court entered an order discharging the receiver and ordering him to be paid.[1] In November 2017, the court appointed a new interim receiver. In December 2017, the court entered orders adding Bacon as a party-defendant, requiring Bacon to interplead certain funds, and resolving various discovery disputes.

In December 2018, the trial court entered an order resolving Holloway's September 2016 motion. Although styled as an "Order Dismissing Plaintiffs' Complaint and Temporary Restraining Order," the order did not, in fact dismiss the complaint; rather, it only dissolved the TRO issued in August 2016. Plaintiff Gray has

---

[1] Defendant Holloway filed a direct appeal from that order, but we dismissed the appeal as interlocutory. See Case No. A18A0867 (dismissed Jan. 11, 2018).

filed this direct appeal from that order.

"The policy of the Appellate Practice Act is against multiple appeals and piecemeal litigation. Direct appeals are generally authorized from lower court orders that are final, meaning that there are no issues remaining to be resolved in the lower court." *Mays v. Rancine-Kinchen*, 291 Ga. 283, 283-284 (729 SE2d 321) (2012) (citations and punctuation omitted); see also OCGA § 5-6-34 (a) (1). The order that plaintiff Gray seeks to appeal was not final because it did not resolve all claims and issues, and the case appears to remain pending below. Accordingly, Holloway was required to comply with the interlocutory appeal procedures – including obtaining a certificate of immediate review from the trial court – to appeal at this juncture. See OCGA § 5-6-34 (b); see also *Eidson v. Croutch*, 337 Ga. App. 542, 543-544 (788 SE2d 129) (2016).  His failure to do so deprives us of jurisdiction over this direct appeal, which is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,   04/25/2019*
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , *Clerk.*