# Court of Appeals
# of the State of Georgia

ATLANTA,  August 15, 2022

*The Court of Appeals hereby passes the following order:*

## A23A0105. SAM S. KHURI v. CARRINGTON PLACE NEIGHBORHOOD ASSOCIATION, INC.

Carrington Place Neighborhood Association, Inc. ("CPNA") filed a complaint against Sam S. Khuri. On July 8, 2021, the trial court entered default judgment against Khuri. On July 21, Khuri filed an "Emergency Motion for Recon[s]ideration and to Set Aside/Vacate Judgement," arguing that CPNA had not properly served him with the complaint or motion for default judgment. On August 23, the trial court denied the motion, and on September 13, Khuri filed a notice of appeal. CPNA has filed a motion to dismiss the appeal, arguing that Khuri was required to file a discretionary application.

To the extent that Khuri's motion was one for reconsideration, his appeal is untimely. A notice of appeal must be filed within 30 days of entry of the judgment sought to be appealed. OCGA § 5-6-38 (a). "The proper and timely filing of a notice of appeal is an absolute requirement to confer appellate jurisdiction on an appellate court." *Perlman v. Perlman*, 318 Ga. App. 731, 739 (4) (734 SE2d 560) (2012) (punctuation omitted). Khuri's notice of appeal was filed 67 days after entry of the default judgment. Although Khuri filed a motion for reconsideration within 30 days of the judgment, motions for reconsideration do not extend the time to appeal from the underlying decision, and the order resolving the motion is not itself a directly appealable judgment. See *Ferguson v. Freeman*, 282 Ga. 180, 181 (1) (646 SE2d 65) (2007); *Bell v. Cohran*, 244 Ga. App. 510, 510 (536 SE2d 187) (2000) ("a motion for reconsideration does not toll the time for filing a direct appeal").

To the extent that Khuri's motion was one to set aside, he was not entitled to a direct appeal. OCGA § 9-11-60 (d) (1) authorizes motions to set aside for lack of jurisdiction over the person, which may arise—as Khuri alleged here—from invalid service. See *Burch v. Dines*, 267 Ga. App. 459, 461 (2) (600 SE2d 374) (2004). Further, "[i]n situations where a final judgment has been entered, default cannot be opened unless and until the final judgment has been set aside pursuant to OCGA § 9-11-60 (d)." *Jim Ellis Atlanta, Inc. v. Adamson*, 283 Ga. App. 116, 116 (640 SE2d 688) (2006) (citation and punctuation omitted). The denial of a motion to set aside a final judgment under OCGA § 9-11-60 (d) is not directly appealable and requires the filing of an application for discretionary appeal under OCGA § 5-6-35. *Jim Ellis Atlanta*, 283 Ga. App. at 116; accord OCGA § 5-6-35 (a) (8). "Compliance with the discretionary appeals procedure is jurisdictional." *Smoak v. Dept. of Human Resources*, 221 Ga. App. 257, 257 (471 SE2d 60) (1996).

Thus, whether Khuri's motion is construed as a motion for reconsideration or a motion to set aside under OCGA § 9-11-60 (d), we lack jurisdiction to entertain his appeal. CPNA's motion to dismiss is hereby GRANTED, and this appeal is DISMISSED for lack of jurisdiction.



Court of Appeals of the State of Georgia
Clerk's Office, Atlanta,  08/15/2022

I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.

Witness my signature and the seal of said court hereto affixed the day and year last above written.

_Stephen E. Castlen_ , Clerk.