# Court of Appeals
# of the State of Georgia

ATLANTA,  September 08, 2022

*The Court of Appeals hereby passes the following order:*

## A23A0040. CRESHUNDRA D. FULTON v. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY.

State Farm Mutual Automobile Insurance Company filed an insurance subrogation action against three defendants, including Creshunda Fulton. On June 26, 2019, the trial court entered a final judgment against Fulton and another defendant, holding them jointly and severally liable for a total amount of $4,174.10. In May 2021, Fulton filed a motion to vacate and set aside the judgment, alleging that she was not served with a copy of the complaint. The trial court denied the motion, and Fulton filed this appeal. State Farm has filed a motion to dismiss, arguing that Fulton was required to follow the discretionary appeal procedures. We agree.

First, as State Farm contends in its motion to dismiss, the discretionary appeal process applies to "[a]ppeals in all actions for damages in which the judgment is $10,000.00 or less[.]" See OCGA § 5-6-35 (a) (6); *Jennings v. Moss*, 235 Ga. App. 357, 357 (509 SE2d 655) (1998). The trial court's judgment in this case was less than $10,000, so Fulton was required to file an application for discretionary appeal to obtain appellate review.

Second, an application for discretionary appeal was also required under OCGA § 5-6-35 (a) (8) because the trial court denied a motion to set aside that was brought under OCGA § 9-11-60 (d). See OCGA § 5-6-35 (a) (8); *Jim Ellis Atlanta, Inc. v. Adamson*, 283 Ga. App. 116 (640 SE2d 688) (2006). Here, Fulton's motion alleged that the judgment entered against her must be set aside due to invalid service of process. This is a claim under OCGA § 9-11-60 (d) (1), which provides that a judgment may be set aside for lack of jurisdiction over the person. See *Burch v.*

*Dines*, 267 Ga. App. 459, 461 (2) (600 SE2d 374) (2004).

For both of these reasons, Fulton was required to follow the discretionary appeals procedure to obtain appellate review in this case. "Compliance with the discretionary appeals procedure is jurisdictional." *Smoak v. Dept. of Human Resources*, 221 Ga. App. 257, 257 (471 SE2d 60) (1996). Fulton's failure to follow the required appellate procedure deprives us of jurisdiction over this appeal. Accordingly, State Farm's motion to dismiss is hereby GRANTED, and this appeal is hereby DISMISSED.



Court of Appeals of the State of Georgia
Clerk's Office, Atlanta,__09/08/2022_____

I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.

Witness my signature and the seal of said court hereto affixed the day and year last above written.

_____ , Clerk.