# Court of Appeals
# of the State of Georgia

ATLANTA,  May 23, 2023

*The Court of Appeals hereby passes the following order:*

**A23A1477. PASCAL DABEL v. MICHAEL LENT.**

In 2016, the trial court granted Michael Lent's petition to domesticate a foreign judgment against several defendants, including Pascal Dabel. In August 2022, Dabel filed a motion to set aside the judgment pursuant to OCGA § 9-11-60 (d) (2), alleging that he had never been served with notice of the suit. The trial court denied Dabel's motion to set aside under both OCGA § 9-11-60 (d) (1) and (d) (2),[1] and Dabel filed this direct appeal. We lack jurisdiction.

An appeal from an order denying a motion to set aside brought under OCGA § 9-11-60 (d) must be initiated by filing an application for discretionary review. See OCGA § 5-6-35 (a) (8); *Martin v. Williams*, 263 Ga. 707, 708, n. 1 (438 SE2d 353) (1994). "Compliance with the discretionary appeals procedure is jurisdictional."

---

[1] Under OCGA § 9-11-60 (d) (1), a motion to set aside a judgment may be based upon lack of jurisdiction over the person, which may arise from invalid service. See *Burch v. Dines*, 267 Ga. App. 459, 461 (2) (600 SE2d 374) (2004). And under OCGA § 9-11-60 (d) (2), a motion to set aside a judgment may be based upon "[f]raud, accident, or mistake or the acts of the adverse party unmixed with the negligence or fault of the movant[.]"

*Smoak v. Dept. of Human Resources*, 221 Ga. App. 257, 257 (471 SE2d 60) (1996). Because Dabel failed to follow the requisite discretionary application procedure, we lack jurisdiction to consider this direct appeal, which is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,*  05/23/2023

    *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

    *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____, *Clerk.*